## COUNTY OF SAGADAHOC.

### Moses & al. versus Norton & al.

The mother of defendants was in the occupation of the plaintiffs' house, at an agreed yearly rent, and the defendants, by parol, promised to pay the rent so long as she should occupy it; *Held*, that this was but a collateral promise and therefore void.

On Facts agreed.

Assumpsit, to recover rent for the house occupied by defendants' mother.

On and previous to September 9, 1848, the defendants' mother was occupying a house of the plaintiffs', at the rent of $60 per annum. The plaintiffs, being solicitous about their rent, named the matter to defendants on that day. They then verbally promised to pay the rent during the time she should occupy the house. She continued till September 9, 1851.

During that time the mother paid $20, and one of defendants, $70 towards the rent. One only of the defendants contested this suit.

It was stipulated, that if Zachariah C. Norton, one of defendants, was liable for said rent, the defendants should be defaulted, if not, the plaintiffs to become nonsuit.

*Randall* and *Booker*, for plaintiffs.

The statute of frauds is not applicable to this promise. On the part of defendants, it is an original undertaking. *Perley* v. *Spring*, 12 Mass. 297; *Brown & al.* v. *Atwood*, 7 Greenl. 356.

It is immaterial, that the mother had occupied the house previously and part of it afterwards; the plaintiffs refused to let her have it longer, but agreed to let it to defendants.

*Clapp* and *Baker*, for defendant Z. C. Norton.

This being but a parol promise to pay the debt of another

and not in writing, was void.   R. S. c. 136, § 1, ¶ 2 ; Chitty on Con., (5th ed.,) 512 ; *Blake* v. *Parlin,* 22 Maine, 395 ; *Loomis* v. *Newhall,* 15 Pick. 159 ; *Cahill* v. *Bigelow,* 18 Pick. 369.

If the defendant had been lessee of the plaintiffs, no recovery against him could be had upon a special verbal agreement to pay rent.   R. S. c. 136, § 1, ¶ 4 ; *Blake* v. *Parlin,* 22 Maine, 395.

APPLETON, J. — From the facts as agreed upon by the parties, there can be no question but that the plaintiffs might have successfully maintained an action against Mrs. Norton, the mother of the defendants, for the rent of the premises belonging to them, during her occupation of the same.   She had entered their house under an agreed rent of sixty dollars a year and was occupying the same at the time of the promises of the defendants, which are relied upon to sustain this suit. That lease was then in full force, and there is no evidence whatever of its termination.   Mrs. Norton was in no way relieved from her liability to the plaintiffs, and by continuing to occupy it she still remained liable.   It is difficult to perceive what defence she could have made to any suit brought to recover the rent due.

Mrs. Norton must be regarded as the principal debtor and the liability of the defendants as collateral thereto, and consequently as within the statute of frauds, R. S. c. 136, § 1, which requires the promise " to answer for the debt, default or misdoings of another to be in writing.

In *Blake* v. *Parlin,* 22 Maine, 397, the son of the defendant leased the house of the plaintiff, and it appeared that while he was moving in the same, the plaintiff called on her and told her they should not go in unless she would be accountable for the rent, and that she verbally promised the same should be paid.   But this being a parol promise to pay the debt of another, and not in writing, was held void under the statute.   In *Thomas* v. *Williams,* 10 B. & C. 664, Lord TENTERDEN, C. J., held that a promise to pay the accruing

rent of the tenant was "nothing more than a promise to pay money that would become due from a third person," and was "within the words of the statute, and the mischief intended to be remedied thereby." The test in all cases under the statute is, whether the party promising is an original debtor or not. The defendants can only be regarded as guarantors. *Tileston* v. *Nettleton,* 6 Pick. 509; *Tomlinson* v. *Gill,* 6 Ad. & El. 564; *Barber* v. *Fox,* 1 Stark. 270.

*Plaintiff nonsuit.*

SHEPLEY, C. J., TENNEY, RICE and CUTTING, J. J., concurred.