## KAUFFMAN v. HARSTOCK.

**Statute of frauds: PAROL EVIDENCE.** The plaintiff averred that the defendant, being engaged in procuring subscriptions to aid in the construction of a certain railroad, verbally promised the plaintiff that if he would subscribe a certain amount, he, the defendant, would, in case plaintiff sold his farm before the payment of all of said subscription, assume plaintiff's obligation, refund to him the amount paid, and pay the balance himself. *Held*, that parol evidence was not admissible to prove the agreement alleged, in an action against defendant thereon.

*Appeal from Johnson Circuit Court.*

THURSDAY, JUNE 8.

THE plaintiff alleges in his petition that the defendant, being engaged in procuring subscriptions for the payment of money to aid in the construction of the Iowa Central Northern Railroad, verbally promised the plaintiff that if he would subscribe $200 to the purpose above stated, he, the defendant, would, in case plaintiff should sell the farm on which he was then living before the payment of all of said subscription, take all of plaintiff's obligations and rights in and under said subscription, would refund to plaintiff all that he had paid thereon, and would pay the balance to the person entitled thereto, and that he was to have the two shares of stock forthcoming when said subscriptions should be fully paid up. Plaintiff further alleges that in pursuance of this agreement he had subscribed $200 toward the construction of said railroad, that he had paid $80 thereon, had sold his farm, and that the defendant, upon demand made, had refused to perform the agreement upon his part. Judgment is asked for $220. The answer consists of a denial of every allegation of the petition. Upon the trial the plaintiff, against the objection

of defendant that the evidence was inadmissible under sections 4006 and 4007 of the Revision, was permitted to prove, by his own testimony and that of one Miller, the substance of the agreement as alleged in the petition. Verdict being returned and judgment entered thereon in favor of plaintiff for $183.30, the defendant appeals.

*Gaston & Williams* for the appellant.

*Fairall & Boal* for the appellee.

DAY, Ch. J.— The record presents, for our consideration, a single question, to wit: Is parol evidence of the agreement set out in plaintiff's petition admissible? The defendant claims that the contract sued on is substantially one of three things, to wit:

1. An agreement by Harstock to indemnify Kauffman against any liability he might assume by signing the stock subscription paper of the railroad company; or

2. A guarantee to Kauffman against loss arising to him out of his stock subscription; or

3. It was a sale by Kauffman to Harstock, of his interest, present or prospective, in the stock of the railroad company. And he insists that, whether the contract be the one or the other of these three, oral evidence is not admissible in its proof under sections 4006 and 4007 of the Revision.

The plaintiff claims that the agreement falls under the last class named, and thereby tacitly concedes that it is not susceptible of parol proof if it falls under either of the other classes named. We will therefore confine our examination to a consideration of the question, whether the contract may be regarded as an agreement for the sale of personal property, where the article of personal property sold is not, at the time of the contract, owned by the vendor and ready for delivery, but labor, skill or money are

necessarily to be expended in producing or procuring the same, thus falling within the exception of section 4008.

If the contract is to be regarded as one of sale, it was such upon the day it was entered into, and the happening, at any time thereafter, of the condition upon which the defendant agreed to take the stock would render him liable for the performance of his agreement. Hence, the sale of the plaintiff's farm upon the day after the subscription, and before he had paid a dollar thereon, would perform every condition of the defendant's liability, and subject him to an action in the event of his failure. But it is quite apparent that, before he had paid any thing to the capital stock of the company, he owned no personal property therein which could be the subject of sale. Inasmuch, therefore, as the obligation to perform the agreement upon the part of defendant does not depend upon the acquisition by the plaintiff of any property in the stock of the company, the agreement cannot be regarded as a contract for the sale of such stock. If the plaintiff had sold his farm before he had paid any thing on the stock, and then had brought suit against the defendant, it is plain that he would have sought to substitute the defendant in his place, and to subject him to his liabilities, and that he would not have endeavored to enforce a contract of sale. It seems to us, therefore, that the agreement is simply one, upon certain contingencies, to step into the place of plaintiff, and to assume the performance of his obligations. As such, it cannot be proved by parol. That, as a contract to indemnify Kauffman and hold him harmless, the agreement cannot be proved by parol, see *Kingsly* v. *Balcombe*, 4 Barb. 139; *Draughan* v. *Bunting*, 9 Ired. 10.

We are of opinion that the evidence was improperly admitted, and that the judgment should be

Reversed.