VAUGHN v. SMITH ET AL.

1. **Statute of Frauds.:** PROMISE TO PAY ANOTHER'S DEBT: FACTS SHOW-
ING NO CONSIDERATION.  Where plaintiff had a claim and a right to a
mechanic's lien against M. & N., and defendants promised that if he
would not commence proceedings, nor file any mechanic's lien to secure
his claim, before a certain date, they would pay the claim, and plaintiff
accepted the proposition, and defendants then paid part of the claim,
but refused to pay the remainder when it became due by the terms of
the proposition, but plaintiff neither released the original debtor nor
relinquished his right to a lien, *held* that plaintiff parted with nothing
in consideration of defendants' promise, and the promise, being to pay
the debt of another, and not being in writing, was within the statute of
frauds, and could not be established by oral testimony.

*Appeal from Union District Court.*

FRIDAY, MARCH 20.

THE plaintiff claims to recover for work and labor done in
the construction of the Leon, Mt. Ayr & Southwestern Rail-
road.  The defendants, C. H. Smith & Co., were the con-
tractors.  They sublet a portion of the work to McPherson
& Neely, who sublet to the plaintiff.  McPherson & Neely
are indebted to the plaintiff for the work so done.  The plaint-
iff in this action seeks to recover of Smith & Co., on the fol-
lowing grounds stated in an amended petition:  That plaint-
iff was insisting that defendants, Smith & Co. and McPher-
son & Neely, should pay his claim for labor, as set out in his
petition, and was about to commence an action to recover
the same, or to file a mechanic's lien therefor; and then and
there C. H. Smith, in his own behalf, and in behalf of C. H.
Smith & Co., verbally agreed that if plaintiff would not com-
mence any proceedings, nor file any mechanic's lien to secure
his claim, before October 20, 1879, then they, C. H. Smith
& Co., would pay plaintiff the sum of five hundred dollars
on his claim, and the balance of his claim on or before
October 21, 1879; that the plaintiff then and there accepted
the proposition of said C. H. Smith & Co., and C. H. Smith

then paid $500 on said claim, and plaintiff, relying upon said agreement, did not file his mechanic's lien, nor commence any suit, until after the twentieth day of October, 1879. Issue was joined on the foregoing verbal promise, and there was a trial by jury. Verdict and judgment for the plaintiff, and defendants appeal.

*Laughlin & Campbell* and *McDill & Sullivan*, for appellants.

*J. L. Brown*, for appellee.

SEEVERS, J.—It will be observed that the plaintiff did not allege in his petition that, in consideration of the promise of Smith & Co., he had lost his lien, or that he had released McPherson & Neely. Nor was there any evidence tending to show that he did so. On the contrary, the evidence tended to show that he filed his lien on the twenty-fourth day of October, 1879, and that he finished his contract in the month of September, and the court instructed the jury that the plaintiff had until the thirtieth of October to file his lien. There was evidence tending to establish the promise alleged in the petition, to which the defendants, Smith & Co., objected, on the ground that the promise was to " pay the debt of another, and not in writing; " but the objection was overruled and the evidence admitted, and the ruling of the court is assigned as error.

It will be assumed that the plaintiff was entitled to a mechanic's lien on the road, and .that he delayed to file it, and to give the notice required by law, until after the twentieth day of October. The debt for which the plaintiff could establish the lien was due from McPherson & Neely. Smith & Co. were in no manner bound for the debt prior to the agreement to pay. Is such promise within the statute of frauds? In *Brightman v. Hicks*, 108 Mass., 246, it was said " that when property subject to a lien is transferred by the debtor to a third person, the latter is not liable to an action by the

creditor, unless he has made a direct promise either to the debtor or the creditor to pay the debt, and that such a promise to a creditor who neither gives up his claim against the original debtor, nor any lien upon the property, is a promise to answer for the debt of another, and must be in writing in order to satisfy the statute of frauds." See, also, *Weisel v. Spence*, 59 Wis., 301; *Stewart v. Campbell*, 58 Me., 439; *Nelson v. Boynton*, 44 Mass., 396; *Mallory v. Gillett*, 21 N. Y., 412.

As the plaintiff, in consideration of the promise, did not waive his lien, we are of the opinion that there was no new and independent consideration for the promise, and that, therefore, it is within the statute of frauds. The court, therefore, erred in the admission of oral evidence to establish the promise, and in refusing to grant a new trial on the ground that the evidence was insufficient to sustain the verdict. There was evidence tending to show that Smith & Co. had given a bond to the railway company " as a protection against all liens filed," and counsel for the appellee insist that, this being so, the debt Smith & Co. promised to pay was their own, and therefore the promise is not within the statute. It is said that the plaintiff could have maintained an action on the bond under the rule established in *Jordan v. Kavanagh*, 63 Iowa, 152, and *Baker v. Bryan*, 64 Id., 561.

It is sufficient to say that the bond is not before us, nor do we know its terms and conditions. We cannot say that the plaintiff could maintain an action thereon, nor can we see, under the authorities above cited, that this fact is material, unless the plaintiff, in consideration of the promise, released or thereby lost his lien or right of action on the bond.

REVERSED.