## F. S. Griffin, Appellant, v. J. J. Hoag.

**Contracts:** STATUTE OF FRAUDS: *Consideration.* A verbal statement to a landlord by one on whose farm the tenant is to go the next season, that he will see that the landlord is paid his rent and that he will pay it before a specified time, is, where the lessor's lien is not released, a mere naked promise and void within the statute of frauds.

**Evidence:** EXCLUSION: *Harmless error.* Error, if any, in sustaining objections to certain questions is not prejudicial where the evidence sought to be elicited thereby is brought out in answer to other questions.

*Appeal from Delaware District Court.*—Hon. A. S. Blair, Judge.

### Tuesday, May 17, 1898.

ACTION on alleged oral promise to pay the note of another. Verdict and judgment for defendant, and the plaintiff appeals.— *Affirmed.*

*E. E. Collins* for appellant.

*Bronson & Carr* and *B. J. Wellman* for appellee.

Ladd, J.—The lease of the farm by Mary E. Sheeley to F. W. Price expired March 1, 1894, and of the rent a note of one hundred and seventy-five dollars remained unpaid. This lease and note were assigned to the plaintiff in September, 1893. The evidence tended to show that in February, 1894, and while F. W. Price was in possession with his stock on the land, the defendant directed Simmons to tell the plaintiff that he would see that he was paid his rent; that he would pay it between then and March 1st as he wanted Price to go on his farm in good shape; that he

(Price) had some hogs and he wanted him to keep them, and wanted them to pay the rent between then and the first day of March. Simmons made known to the plaintiff what the defendant had said, and the former, in reliance thereon, informed Price that Hoag had agreed to pay his rent, and he could take his stock and go on Hoag's place, when he saw fit. Price did so, and took more than enough property, subject to the plaintiff's landlord's lien, to satisfy the note, which has not been paid. When the evidence on the part of the plaintiff had been introduced, the court directed a verdict to be returned in favor of the defendant. This was not error. The statement of Hoag was a mere naked promise to answer for the debt of another. The case is argued by the appellant as though the defendant had agreed to pay the note if the plaintiff would release his landlord's lien. This was not his proposition, nor did the plaintiff release his lien. Nothing prevented him from enforcing it after the removal of the property, as well as before. He parted with no right and the defendant acquired no advantage under the alleged promise. *Vaughn v. Smith*, 65 Iowa, 579; Code, section 4625; *Stemberg v. Callanan*, 14 Iowa, 251.

II. The evidence sought by questions to which objections were sustained was elicited by others; hence the rulings, if erroneous, were without prejudice.— Affirmed.