## R. J. WINBURN v. THE FIDELITY LOAN AND BUILDING ASSOCIATION, Appellant.

**Orders:** ORAL ACCEPTANCE: *Statute of frauds.* Defendant had loaned money to the owners of certain lots to make improvements thereon, and drafts for such loan were sent to an agent of the loaner. They were made payable to the borrower and by him re-endorsed to said agent so that he might protect the mortgaged premises from mechanic's liens. Plaintiff did some work for contractors whom the borrowers had employed to do the work and received in payment orders on the agent of the defendant, who verbally accepted them. *Held,* that defendant was not liable, unless it was shown that it or its agents had, at the time funds belonging to such contractors, or was in some way indebted to them, as, otherwise, the acceptance was within the statute of frauds.

OWNERSHIP OF DRAWER. Where money was borrowed to construct a building, and was placed in the hands of an agent of the borrower, it was not subject to orders drawn by the persons who had contracted with the borrower to erect the buildings, it not appearing that the borrower ever parted with his title to the borrowed money to the contractor.

PLEA AND PROOF: *Agency.* Where orders were drawn on an agent in his own name, without any mention of his principal, and there was no written acceptance, the payee is not entitled to recover from the principal, where, in his petition, he alleged that the orders were drawn on the principal and accepted by it and partly paid.

*Untimely amendment.* Where a principal had been sued for a balance due on certain orders, which, in the complaint, were alleged to have been drawn on and accepted by it, while the evidence showed they were drawn on and accepted by the agent, in his own name, it was too late, after judgment for plaintiff, and denial of defendant's motion for a new trial, for plaintiff to file an amended pleading alleging that the agent had acted as agent for defendant in accepting such orders to the same extent as if they had been so accepted by defendant.

GIVEN, J., dissenting.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

FRIDAY, JANUARY 26, 1900.

ACTION at law on written orders on the defendant issued by J. M. Bowman and Coon Bros., and by them assigned to plaintiff. It is alleged that defendant accepted the orders, paid a part thereof, and agreed to pay the balance in a few days, but that he failed and neglected to do so. Defendants answered, denying that it was indebted to Bowman or Coon Bros., and pleaded some other matters that will be hereinafter referred to. At the conclusion of plaintiff's evidence, defendant moved for a verdict. This motion was overruled, and defendant announced that it had no evidence to introduce. Thereupon, on plaintiff's motion, a verdict was directed for him. After verdict, and after defendant's motion for a new trial had been overruled, plaintiff filed an amendment to his petition, that will be hereinafter referred to. From a judgment for plaintiff, defendant appeals.— *Reversed.*

*J. C. Macy* and *Dowell & Parrish* for appellant.

*Berryhill & Henry* for appellee.

DEEMER, J.—Addie Blackburn, C. B. Johnson, and a Mr. Calkins owned real estate in the city of Des Moines, on which they contemplated making improvements. In order to do this, they were compelled to borrow money of the defendant. Drafts payable to the borrowers were sent to one J. C. Macy. that were indorsed by the borrowers, and redelivered to Macy, in order that he might protect the mortgages given on the property to secure the loans from mechanics' liens. One Winburn, plaintiff herein, did some work on the improvements made by one of the borrowers, under Bowman, who was the principal contractor. He also did some work for Coon Bros., who were principal contractors for other improvements. Bowman and Coon Bros., who, as we have seen, were principal contractors, issued the orders in suit. They are in the usual form of such instruments, and were drawn on J. C. Macy. Macy did not

accept the orders in writing, but it is claimed that he accepted them in parol for and on behalf of the defendant. Such an acceptance is not good unless it also be shown that the drawer has funds in the hands of the drawee or acceptor at the time the acceptance is made. Unless he have such funds, his verbal promise to pay the debt of another is within the statute of frauds, and therefore invalid. *Walton v. Mandeville,* 56 Iowa, 597. The first inquiry, then, is, did Bowman and Coon Bros. have funds in the hands of Macy, as agent of the defendant, at the time it is claimed the acceptance is made? We have seen that the funds were deposited with him by the borrowers. None of these persons gave evidence at the trial. Winburn testified that Macy said to him that there were several hundred dollars back on the loans at the time he claims Macy accepted the orders. One of the Coon Brothers testified to a conversation with an agent of the association in which that agent said, in effect, that the money would be sent as the buildings progressed, and that defendant usually made payments as the building progressed, and that the money would be sent to Macy. He further testified that he gave orders on Macy and that Macy said, before the orders were drawn, that he would honor them. He also testified that he had no contract with the defendant to build the house, that his contracts were with the owners of the property, and that he understood the association was loaning the lot owners a certain amount of money, and that this was the money Macy was to pay out. Another of the Coon Brothers testified that the contract of their firm was with the owners; that they (the owners) obtained the money to build the houses by loans from the defendant. Bowman testified to a conversation with Macy in which Macy said that, if he (Bowman) would give orders, he (Macy) would pay them. This is all the evidence material to our inquiry, and it is well to ask when the money was ever transferred by the borrowers to the contractors. When and how did they acquire any legal right thereto? It seems to us

that neither defendant nor Macy was indebted to Bowman, or Coon Bros. at the time the orders were drawn, and it is clear that neither had any money in his hands belonging to the drawers of the orders. The original borrowers never parted with their title to the money, and they cannot be deprived of their right thereto by orders drawn against the same by men with whom they had contracted to erect their buildings.

Again, as the orders were drawn on Macy, and not on the defendant, and as there was no written acceptance by any one, plaintiff is not entitled to recover on the original petition, which alleges that the orders were drawn on the defendant, accepted by it, and partly paid. *Thurston v. Mauro,* 1 G. Greene, 231; Daniel Negotiable Instrument (4th ed.), section 303, and cases cited; Randolph Commercial Paper (1st ed.), section 131, and cases cited. In a proper action, and under proper pleadings, the plaintiff might recover on proof that Macy acted as agent for the defendant in accepting the orders in parol, to the same extent as if they had been so accepted by the defendant. No such pleading was filed until after the motion for new trial was overruled, and judgment had been entered for plaintiff. That was too late.

It may be that the contractors had equitable liens on the fund in Macy's hands, but that would not enable them to make valid orders against the same, which might be accepted in parol. If they have equitable claims thereto, it will be time enough to enforce them when they ask that such relief be granted. As Macy could not pay out the money, except on orders of the borrowers, his verbal promise to accept orders drawn on him by the contractors, or his verbal acceptance of orders already drawn by them, is of no validity. Surely such acceptance would not be binding on either the original borrowers or the lender. To render judgment against the defendant on such a promise would be to subject it to double liability, or to impose on it the

burden of setting up an equitable defense, as against the borrowers, should they attempt to enforce their legal rights. The contractors never had any legal right to the money placed by the original borrowers in the hands of Macy, and, as Macy had no money belonging to them at the time it is claimed he made verbal acceptances of the orders issued by them, such acceptances, even if established, will not be enforced in an action on such orders.

The court erred in rendering judgment against the defendant for the amount of the balance due on the orders.— REVERSED.

GRANGER, C. J., not sitting.

GIVEN, J. (dissenting).—As I view this record, it shows that J. C. Macy was agent of the defendant; that the money loaned was placed in his hands, to be applied in payment for the improvements, in pursuance of an understanding between the defendant, the borrower, contractors, and subcontractors; that in pursuance of this understanding the plaintiff performed the labor and received the orders; and that Macy, with the money in his hands, accepted the orders, made partial payments thereof, and promised to pay the balance. I do not question the law as stated in the opinion, but deny its application to the facts. The law never works injustice. It is the misapplication of it that leads to wrong results. So far as appears, Mr. Macy has, of this borowed money, sufficient in his hands to pay the balance of these orders, as it was agreed should be done; yet the opinion says to the plaintiff: "Though you performed the labor, and, because of the arrangement for your compensation, abandoned your right to take a lien when you might, still, because your orders were on J. C. Macy, and not on the defendant, and were not accepted in writing, you cannot be paid out of this money, though set apart for that purpose." I do not believe that the law, properly applied, leads to such a result.