# CHARLESTON

## JOHNSON *v* BANK.

Submitted February 21, 1906.    Decided October 23, 1906.

1.  TRIAL—*Question for Jury.*

    When the issue in an action at law involves the question whether an oral promise is original or collateral, which must be determined from materially conflicting evidence and circumstances and inferences therefrom, and the evidence and circumstances are such that the verdict of a jury for either party could not be set aside because without sufficient evidence to support it or because plainly against the decided weight and preponderance of the evidence, such question is one of fact to be determined by a jury. (p. 324.)

2.  SAME—*Instructions.*

    In such case, instructions which in effect direct the jury to determine such question from a part only of the proper and material evidence and circumstances, excluding other parts thereof in conflict with the part directed to be considered, are erroneous. (p. 325.)

3.  FRAUDS, STATUTE OF—*Oral Promise—Intent of Parties.*

    In determining whether an oral promise is original or collateral, the intention of the parties at the time it was made must be regarded. (p. 325.)

4.  SAME—*Evidence.*

    In ascertaining such intention, the words of the promise, the

situation of the parties and all the circumstances attending the transaction should be taken into consideration. (p. 324.)

5. Same—*Credit Given Third Person.*

An oral promise to pay for services rendered to a third person is not actionable if the services were rendered wholly or partly upon the credit of an independent original promise or liability of such third person. If any credit whatever was given to such third person at the time the services were rendered so that he was in any degree independently and originally liable, the oral promise of the other party is invalid. (p. 326.)

Error to Circuit Court, McDowell County.

Action by George Ben Johnson against Ida Bank. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

Cook & Howard, for plaintiff in error.

D. J. F. Strother, for defendant in error.

Cox, Judge:

In this action of *assumpsit* instituted by Geo. Ben Johnson, a surgeon of Richmond, Virginia, against Mrs. Ida Bank, in the circuit court of McDowell county, there was a verdict of a jury and a judgment for the plaintiff for Five Hundred Dollars, being the amount of a fee claimed by him for the performance of a surgical operation upon Mrs. Louis Jaffe, a sister of Mrs. Bank. She obtained a writ of error to the judgment. The amount of the recovery is justified by the evidence if the evidence fixed a liability upon Mrs. Bank, the defendant. She complains of the giving to the jury of instructions, numbers 1 and 2, at the instance of the plaintiff, of the refusal to give instruction number 1 offered by her, and of the overruling of her motion to set aside the verdict and grant to her a new trial.

The plaintiff claims that there was an oral promise by defendant to pay his fee. The services were not rendered to the defendant but to a third person, the defendant's sister. The two crucial questions involved in the issue in this action are: 1st, Did the defendant make the promise claimed by the plaintiff? 2nd, If so, was that promise original or collateral? If there was a promise by defendant and it was to answer

for the debt of another, then being oral, it is not actionable under the Statute of Frauds, section 1 chapter 98, Code. On the other hand if the promise by defendant was to pay her own debt it is actionable without writing, although the services were rendered to a third person.

A partial statement of the evidence is necessary. Drs. Daniel and Hall testified for plaintiff substantially that they were practicing physicians and were called to attend upon Mrs. Jaffe by her husband, Louis Jaffe; that after a diagnosis and consultation they decided that an operation was necessary; that they did not care to undertake it without assistance; that they consulted the defendant, Mrs. Bank; that they told Mrs. Bank that it would be necessary to opererate upon Mrs. Jaffe in order to save her; that they told her that they did not want to undertake the operation with-out assistance; that Mrs. Bank mentioned the name of a doctor in New York or Baltimore; that they told her that they could get the plaintiff, Dr. Johnson, cheaper and quicker; that Mrs. Bank said "money is no object, get a good doctor. I will see it paid"; that thereupon they sent a telegram to Dr. Johnson; that Dr. Johnson came and performed the operation and that they did not consider Louis Jaffe financially responsible and would not have sent for Dr. Johnson had it not been for Mrs. Bank's statement.

Dr. Johnson, the plaintiff, testified on his own behalf substantially that the telegram received from Doctors Daniel and Hall was according to his recollection in the following language, "Come to Welch on first train prepared to operate. Fee good." Signed "Daniel and Hall;" that upon this call he came and performed the operation upon Mrs. Jaffe; that no other arrangement was made as to the payment of his fee previous to the operation; that he relied upon Drs. Daniel and Hall as having made proper arrangements for his fee; that after the operation Daniel and Hall stated to plaintiff that in the event Mrs. Jaffe's husband did not compensate him her sister would; that plaintiff rendered his bill for the operation to Louis Jaffe, the husband; that the bill was made from plaintiff's book; that after receiving no response from the husband he communicated with Drs. Daniel and Hall and was told by them that according to their agreement he should send the bill to the sister if he heard nothing from the husband.

Mrs. Bank, the defendant, testified on her own behalf substantially that Daniel and Hall said that an operation was necessary upon Mrs. Jaffe; that they were unwilling to undertake it without assistance; that they had decided to send for Dr. Johnson before she knew of their intention of so doing; that when informed of this she asked who Dr. Johnson was; that she had never heard of him before; that she remarked that she wished Dr. Kelly, of Baltimore, was present; that Dr. Hall wrote the telegram and gave it to Louis Jaffe to send; that Dr. Johnson came and operated upon Mrs. Jaffe and that Mrs. Jaffe died leaving an estate worth seven or eight hundred dollars. When asked if the statement that Daniel and Hall made before the jury was true the defendant replied, "It is not true that I promised to pay Dr. Johnson's bill."

We have not detailed all the evidence but enough to show that the evidence and circumstances are materially conflicting as to both questions mentioned. Answers to these questions must be deduced from such conflicting evidence and circumstances and inferences therefrom. In calling Dr. Johnson, Daniel and Hall, acting for Mrs. Bank, could bind her within the scope of the authority given to them by her and no farther. If the conversation between Mrs. Bank and Daniel and Hall, considering the situation of the parties and the circumstances surrounding the transaction, authorized them to make an original promise for her then they could so bind her, but without such authority, express or implied, they could not do so. In determining whether a promise is original or collateral regard must be had to the intention of the parties at the time the promise was made. Throop on Verbal Agreements, sections 183-188. In 29 Amer. & Eng. Enc. of Law 907, it is stated that "While as a matter of law a promise absolute in form to pay or to be 'responsible' or to be 'paymaster' is an original promise and while on the other hand if the promissor says 'I will see you paid' or 'I will pay if he does not' or uses equivalent words the promise standing alone is collateral, yet, under all the circumstances of the case an absolute promise to pay or a promise to be 'responsible' may be found to be collateral or promises deemed *prima facie* collateral may be adjudged original." See Brown on Statute of Frauds, (4th Ed.) sec-

tions 198 & 199. *Davis* v. *Patrick*, 141 U. S. 479. In that case the Supreme Court said: ''The real character of a promise does not depend altogether upon the form of the expression but largely upon the situation of the parties and upon whether they understood it to be a collateral or direct promise.'' In ascertaining the intent and the extent of the promise, the expressions used, the situation of the parties and all the circumstances attending the transaction should be taken into consideration. *Elder* v. *Warfield*, 7 Harr. & J. (Md.) 397. This being true and the evidence and circumstances being materially conflicting in this action as to whether the promise, if made, was original or collateral, and the evidence and circumstances being such that a verdict for either party could not be set aside because without sufficient evidence to support it or because plainly against the decided weight and preponderance of the evidence, the question is one of fact to be determined by a jury. Throop on Verbal Agreements, sections 183-188. ''Where the question whether the promise was original or collateral depends alone upon its terms and the language used is established by undisputed testimony such question is one of law for the court. But the nature of the promise is usually one to be determined by the jury as a question of fact, for it may appear that a promise original in form was in fact made and intended as collateral.'' 29 Amer. & Eng. Ency. of Law 906; Brown on Statute of Frauds, section 199; *Boston* v. *Fair*, 148 Pa. St. 220. It is also true that it may appear that a promise collateral in form was in fact made and intended as original.

In view of what we have said we will consider the instructions given and refused. The instructions for plaintiff are as follows: No. 1. ''The court instructs the jury that if they believe from the evidence in this case that the defendant in this case through Drs. Daniel and Hall, as her agents, sent for Dr. Geo. Ben Johnson, the plaintiff, and that by reason thereof the said plaintiff came to Welch and performed the operation upon Mrs. Louis Jaffe, then the agreement to pay was not a collateral agreement but a primary and original agreement and that it is not necessary that it be in writing but that Mrs. Bank, the defendant, is primarily liable for a reasonable amount for said

services.'' No. 2. '' The court instructs the jury that if they believe from the evidence that Mrs. Ida Bank, the defendant in the case, authorized Drs. Daniel and Hall to send for Dr. Geo. Ben Johnson to perform the operation upon Mrs. Louis Jaffe and that in pursuance thereof that Dr. Geo. Ben Johnson came to Welch and performed said operation then the defendant, Mrs. Bank, is primarily liable for a reasonable sum for said operation and they should find for the plaintiff in such sum as they think reasonable for said operation as disclosed by the evidence in this case.'' These instructions were binding. They made the character of the promise depend wholly upon whether or not Mrs. Bank sent for Dr. Johnson or authorized him to be sent for, regardless or whether her promise was original or collateral. If she sent for him under an original promise she would be liable without writing but if she sent for him under a promise to answer for the debt of another she would not be liable without writing. Instead of submitting to the jury the determination of the character of the promise, if one was made, from all the conflicting but material evidence and circumstances here appearing, these instructions virtually withdrew from the jury the determination of the character of the promise from all the evidence and circumstances and directed the jury in effect that if Mrs. Bank through Daniel and Hall sent for Dr. Johnson she was primarily and not collaterally liable. These instructions were plainly erroneous.

Instruction No. 1 offered for defendant and refused is as follows: ''The court instructs the jury that though they believe from the evidence in this case that there was a promise on the part of the defendant to pay the plaintiff's claim, yet if they further believe from the evidence that the plaintiff gave any credit whatever to either Mrs. Louis Jaffe or her husband so that either or both of them were in any degree liable for the payment of the plaintiff's claim then such promise on the part of Mrs. Bank is a collateral undertaking and they must find for the defendant.'' In *Waggoner* v. *Gray*, 2 Hen. & Munf. 603, Judge Roane considered it settled ''that where the person on whose behalf the promise is made is not discharged but the person promising agrees to see the debt paid so that the promissee has a double remedy the

promise is considered collateral and must be in writing, but where the promissor undertakes to become the pay master it becomes immediately his debt and he is a liable without writing." *Ware* v. *Stephenson*, 10 Lee 155, holds "that where the defendant's undertaking is for a consideration to be received by or articles to be supplied to a third person if the transaction be such that the third person is responsible to the person who supplies the articles or from whom the consideration proceeds the undertaking is collateral and under the Statute of Frauds will not bind unless it be in writing." See also *Noyes* v. *Humphreys*, 11 Grat. 636. *Poundstone* v. *Radcliffe*, 23 W. Va. 724, adheres to the principle announced in *Ware* v. *Stephenson*, *supra*. See also *Gerow* v. *Riffe*, 29 W. Va. 462. *Burnett* v. *Lumber Co.*, 43 W. Va. 441, and *Faulkner* v. *Thomas*, 48 W. Va. 148. An oral promise to pay for services rendered to a third person is not actionable if the services were rendered wholly or partly upon the credit of an independent and original promise or liability of such third person. If any credit whatever was given to such third person at the time the services were rendered so that he was in any degree independently and originally liable the oral promise of the other party is invalid. See authorities before cited; also 29 Amer. & Eng. Ency. of Law 922-23, and authorities there cited. So far as instruction No. 1 offered for defendant announces this principle it is correct. In view of the evidence in this action this instruction is subject to the objection that it did not say that the credit must have been given to the third party at the time the services were rendered. Under the terms of this instruction the credit to the third party may have been first given after the services were rendered. The jury might readily confound the giving of credit to a third party with a charge made against such third party after the services were rendered. If sole credit was given to a promise by the defendant at the time the services were rendered then the fact that a book charge was afterwards made to another may be explained. Such a charge to another after the services were rendered while a circumstance tending to show to whom credit was originally given may be susceptible of explanation. *Cutler* v. *Hinton*, 6 Rand. 509; Throop on Validity of Verbal Agreements, section 190; Browne on

Statute of Frauds 198. Whether the evidence in this action shows a satisfactory explanation is not for our present determination. Instructions No. 1 offered for defendant was calculated to mislead the jury and its refusal was not erroneous.

For the reasons stated the judgment complained of is reversed, the verdict set aside, a new trial awarded and this action remanded to be further proceeded with according to law.

*Reversed, Remanded.*