(December 31, 1910.)

GEORGE H. STORER, Respondent, v. HENRY HEIT-FELD and FRED T. DUBOIS, Appellants.

[113 Pac. 80.]

STATUTE OF FRAUDS—EVIDENCE—PASSION AND PREJUDICE.

(Syllabus by the court.)

1. Under subd. 2 of sec. 6010, Rev. Codes, "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor and need not be in writing: . . . . 2. Where the creditor parts with value, or enters into an obligation, in consideration of the obligations in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made, his surety."

2. When the consideration of a party's promise is for money to be furnished to or received by a third person, if the transaction be such that the third person remains responsible to the person who furnishes him with such money, such promise is collateral, and under the statute of frauds will not bind the party unless it be in writing.

3. This case was defended upon the theory that the defendants were not liable; that if any promise was made by the defendants, such promise was collateral and made the promisors guarantors only under the provisions of sec. 6009, Rev. Codes, and not an original

obligation of the promisors; that such agreement was invalid unless in writing and subscribed by the party charged, or his agent. As there was evidence tending to show that if any promise was made it was collateral, the court erred in not giving an instruction covering that theory of the case.

4. *Held,* that the court erred in the admission and rejection of certain evidence offered on the trial.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to recover money paid at the request of the defendants. Judgment for plaintiffs. *Reversed.*

Clay McNamee, for Appellants.

If the third person for whom the money is promised remains still responsible to the person who supplies the articles, or from whom the consideration proceeds, the promise to pay for the third person is collateral, as it is called, not an original promise, and therefore is not actionable because of the statute of frauds. (*Johnson v. Bank,* 60 W. Va. 326, 55 S. E. 394; *Mankin v. Jones,* 63 W. Va. 373, 60 S. E. 248, 15 L. R. A., N. S., 214; *Radcliff v. Poundstone,* 23 W. Va. 724.)

Where it appears that the credit is not given in the first instance wholly to the person who promises to pay for goods to be delivered or advances made to a third person, or for his benefit, then the undertaking is collateral, and must be in writing. (*Webb v. Hawkins Lumber Co.,* 101 Ala. 630, 14 So. 407; *Harris v. Frank,* 81 Cal. 280, 22 Pac. 856; *Hardman v. Bradley,* 85 Ill. 162; *Lomax v. McKinney,* 61 Ind. 374; *Langdon v. Richardson,* 58 Iowa, 610, 12 N. W. 622; *Moses v. Norton,* 36 Me. 113, 58 Am. Rep. 738; *Norris v. Graham,* 33 Md. 506; *Swift v. Pierce,* 13 Allen (Mass.), 137; *Cole v. Hutchinson,* 34 Minn. 410, 26 N. W. 319; *Williams v. Auten,* 62 Neb. 832, 87 N. W. 1061; *Walker v. Richards,* 39 N. H. 259; *Hetfield v. Dow,* 27 N. J. L. 440; *Larson v. Wyman,* 14 Wend. (N. Y.) 246.)

"Generally speaking, an oral undertaking by a person not previously liable, for the purpose of securing the debt or performing the same duty for which the person for whom the undertaking is made remains liable, is within the statute of frauds and must be in writing." (*Clay v. Walton,* 9 Cal. 328; *Spear v. Farmers' etc. Bank,* 156 Ill. 555, 41 N. E. 164; *Blake v. Parlin,* 22 Me. 395; *Walker v. McDonald,* 5 Minn. 455; *McRoberts v. Mathews,* 18 App. Div. 624, 45 N. Y. Supp. 431; *Haverly v. Mercur,* 78 Pa. 257; *Caperton v. Gray,* 4 Yerg. (Tenn.) 563; 23 Cent. Digest, tit. "Frauds, Statute of," sec. 18 et seq.)

H. G. Redwine and Finis Bentley, for Respondent, cite no authorities on points decided.

SULLIVAN, C. J.—This is an action brought by the plaintiff against the defendants to recover the sum of $2,500, with interest thereon from September 9, 1903. The plaintiff alleges in his complaint that on September 9, 1903, he paid to one A. N. Buchanan said sum of money at the request of the defendants and that they agreed to pay said sum to plaintiff within ten days thereafter; that although demand for payment has been made, the defendants have failed and refused to pay the sum or any part thereof. After demurrer was overruled the defendants answered and denied that plaintiff at any time at the request of defendants, or either of them, paid to said Buchanan the said sum of $2,500, or any sum whatever, and denied specifically each and every allegation of the same.

The cause was tried by the court with a jury and verdict and judgment entered in favor of the plaintiff in the sum of $3,647.70. The appeal is from the judgment and order denying a new trial.

This case was before this court on appeal at its October, 1909, term, and the opinion rendered therein may be found in 105 Pac. 55.

The first point made by counsel for appellants is that plaintiff seeks to recover from the defendants on the ground

that they are original promisors, and that contention is denied by both of the defendants. This action is evidently brought under the provisions of par. 2 of sec. 6010, Rev. Codes, which section provides, among other things, as follows:

"A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: . . . . 2. Where the creditor parts with value, or enters into an obligation, in consideration of the obligations in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made, his surety."

Counsel for appellants contend that the facts of this case as shown by the evidence do not bring it within the provisions of said section, but that if any promise or agreement was made between the plaintiff and defendants with reference to the sum of money paid by plaintiff to Buchanan, that the same could not have been other than a collateral undertaking on their part, in which they became merely guarantors or sureties, and therefore the action falls within the statute of frauds as provided by sec. 6009, Rev. Codes. Said section sets forth the cases in which the agreement is invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party charged or by his agent. It is contended that the statute of frauds was enacted to relieve persons and their estates against false and fictitious claims by requiring the highest order of proof to establish liability in cases where it is sought to recover against a person as voluntary surety or guarantor of another, and in support of that contention counsel cites *Johnson v. Bank,* 60 W. Va. 326, 55 S. E. 394; *Mankin v. Jones,* 63 W. Va. 373, 60 S. E. 248, 15 L. R. A., N. S., 214.

It was held in *Radcliff v. Poundstone,* 23 W. Va. 724, that when the consideration of a party's promise is for money to be furnished to or received by a third person, if the transaction be such that the third person remains responsible to the person who furnishes him with such money, such promise

is collateral, and under the statute of frauds will not bind the party unless it be in writing.

It is also contended that where it appears that credit is not given in the first instance wholly to the person who promises to pay for advances made or goods delivered to the third person, or for his benefit, then the undertaking is collateral and must be in writing, citing *Webb v. Hawkins L. Co.,* 101 Ala. 630, 14 So. 407; *Harris v. Frank,* 81 Cal. 280, 22 Pac. 856; *Moses v. Norton,* 36 Me. 113, 58 Am. Rep. 738.

In *Harris v. Frank,* 81 Cal. 280, 22 Pac. 856, the court held as follows:

"Whether an agreement by a third party to pay for supplies furnished to a corporation is one of original promise or of guaranty is a question of fact to be determined from the circumstances of the case. It is not determined by the fact that charges are made and statements furnished to the corporation, if the promisor so ordered; but if any credit was in fact given to the corporation, or it was treated as in any degree liable for the indebtedness, the promisor cannot be charged as an original contractor, but at most as a mere guarantor."

The above authorities are cited and relied upon by counsel for appellants as sustaining their contention that the evidence in this case shows that the defendants were not original promisors, and not being original promisors at most they could only be collaterally liable, and then only when the agreement or some note or memorandum thereof is in writing subscribed by the party charged or by his agent, under the provisions of sec. 6009, Rev. Codes. The appellants in their answer denied the material allegations of the complaint, and under those denials it was not necessary for them to plead specially that the contract was one of guaranty and was void under the statute of frauds because not in writing, for under the general denial they could avail themselves of such statutes. (*Harris v. Frank,* 81 Cal. 280, 22 Pac. 856.) The case was tried upon the theory that the defendants were not liable; that if any promise were made by the defendants, such promise was collateral and must be in writing. That,

being the theory upon which the case was presented by the appellants, it was error for the court to refuse to instruct the jury to the effect that if they should find from the evidence that any credit was in fact given to Trainor or the Irrigation Co., or that they, or either of them, was in any degree liable for the indebtedness, the defendants could not be charged as original contractors, but at most as mere guarantors and under the provisions of sec. 6009, Rev. Codes, they were not liable unless such agreement or note or memorandum thereof was in writing and subscribed by the party charged or by his agent. The substance of such an instruction was contained in instruction No. 3 requested by the appellants, and thus called to the attention of the trial court. The court also erred in admitting over the objection of counsel for appellants Exhibit ''B,'' being a letter from Trainor to the plaintiff; also in admitting the testimony of witness Showalter specified in error No. 12, as found on page 144 of the transcript. Also the court erred in refusing to permit the witness Hilbert to answer the following question: ''I will ask you to state substantially what those conversations were,'' as specified in error No. 15; also in refusing to permit witness Barnett to answer the question set forth in error No. 17. The other errors assigned have been examined, and as to them we find that the court did not err in making the said rulings excepted to.

For the reasons above given, the judgment must be reversed and the cause remanded for a new trial, and it is so ordered. Costs are awarded to the appellants.

Ailshie, J., concurs.

Petition for rehearing denied.