FROHARDT BROS. and DROGE BROS., v. W. A. DUFF,
Appellant.

Statute of frauds: WHEN QUESTION OF FACT. Where the chief pur-
1  pose of a promisor is to promote or subserve some interest
   of his own his oral promise to pay the debt of another is not
   within the statute of frauds, even though the original debtor
   is not released; but where his object is to become a surety or
   guarantor for another his obligation must be in writing to be
   enforceable; and if the evidence is conflicting as to whether the
   promise is independent or collateral the question is for the jury.

Trial: WITHDRAWAL OF COUNTS: EXCLUSION OF EVIDENCE ON RETRIAL.
2  Where certain counts of a petition are withdrawn from the jury
   and no appeal is taken from the court's action in that respect,
   it is proper on a retrial of the action to exclude evidence in
   support of the withdrawn counts.
   Evans, J., dissenting in part.

*Appeal from Pottawattamie District Court.*—HON. A. B.
THORNELL, Judge.

TUESDAY, APRIL 9, 1912.

ACTION on alleged oral promise by defendant to pay
to plaintiffs the amount of certain claims held by plaintiffs
against one Whitsett. The defendant relied upon the
statute of frauds, and the court submitted the case to the
jury to determine whether the agreements of defendant
were original and absolute undertakings to pay to plain-
tiffs the amounts of their respective claims against Whitsett,
or whether it was a collateral undertaking merely to see
that the claims against Whitsett were paid, if he did not
pay them. There was a verdict against defendant in favor
of Frohardt Bros., and one in favor of defendant against
Droge Bros., and judgment was rendered accordingly, from

which defendant appeals as to the judgment against him, and Droge Bros. appeal from the judgment as against them. Defendant's appeal having been first perfected, he is treated as the appellant.—*Affirmed.*

*Reed & Robertson,* for appellant.

*Flickinger Bros.,* for appellees.

McCLAIN, C. J.—Frohardt Bros. and Droge Bros. held two separate and independent claims against one Whitsett, and were theatening separately to attach Whitsett's property, consisting of a livery stock, on which defendant had a chattel mortgage, and of which he had possession. Thereupon it is alleged that defendant promised to each of the respective creditors of Whitsett that if they would refrain from attaching Whitsett's property in defendant's hands and attacking the validity of defendant's mortgage he would pay their respective claims, and this action is founded upon such oral promises. While the causes of action of the two plaintiffs are distinct and separate, they were, without objection, allowed to proceed as co-plaintiffs in this action. By separate appeals, the correctness of these two different portions of the final judgement is questioned. The appeal of the defendant from the judgment against him in favor of Frohardt Bros. will be first considered.

I.    There was evidence tending to show that when Frohardt Bros. were threatening to attach the property of Whitsett, including the livery stock of which the defend-

1. STATUTE OF FRAUDS: when question of fact.

ant had possession, at least the greater part of it covered by a chattel mortgage to defendant, the defendant urged the plaintiffs not to levy the attachment, as it would interfere with his (defendant's) business, and also injure Whitsett, and that defendant promised, if Frohardt Bros. would not levy

such attachment, he (defendant) would pay their claim, and that 'Frohardt Bros. refrained from attaching Whitsett's property in defendant's hands, but did subsequently secure a judgment against Whitsett for the amount of their claim; and, further, that defendant was interfered with in his possession of Whitsett's property. The concrete question now presented is whether a finding by the jury that defendant did make an absolute independent agreement on his own behalf that if Frohardt Bros. did not levy an attachment on Whitsett's property in defendant's hands the defendant would pay the amount of Whitsett's claim to Frohardt Bros., and compliance with such agreement on the part of Frohardt Bros. was sufficient, notwithstanding the statute of frauds, to justify a judgment in favor of Frohardt Bros. against defendant on his oral promise. The same question in another form is involved in the claim for defendant that, under the evidence, the court erred in leaving it to the jury to say whether the oral promise of the defendant to pay to Frohardt Bros. the amount of their claim against Whitsett was an absolute and independent promise, rather than a collateral promise to pay Whitsett's debt.

This case is one of a class as to which it has been difficult for the courts to state any clear and consistent rule for the application of the statute of frauds, so far as it prohibits the introduction of oral evidence to prove a contract to pay the debt of another. There has been no difficulty in holding that agreements of guaranty, whether made before or after the guaranteed debt has been contracted, are covered by the statute, even though based on an independent consideration of detriment to the creditor or advantage to the guarantor. That is to say, adequate and lawful consideration for an oral contract of guarantee does not take it out of the statute. On the other hand it is well settled (and no citation of authorities in support of the proposition is necessary) that an independent agree-

ment·on a distinct consideration. to assume and discharge the debt of another may be valid, notwithstanding the statute, as, for instance, where, on such new promise the original debtor is released, or where the promisor agrees to discharge the debt of another in consideration of his being relieved from liability for his own obligation to the creditor, to whom the debt of such other person is owing. Thus it appears that there may be a binding oral. promise to pay an amount due to the promisee from a third person, if supported on a good consideration, but that not every promise to pay the amount due from another to the promisee, although supported on a legal and adequate consideration, is enforceable. The distinction between these two classes of cases seems to be this: Does the promisor, for a consideration of advantage to himself, make an absolute and independent promise· to pay the amount due to the promisee from a third person; or is his promise to pay the amount due from such third person merely collateral to the third person's obligation? On the one hand, the release of the original debtor is sufficient to show that the promise to pay his debt is a new, original, and independent promise. On the other hand, if the promisor merely undertakes to pay the debt of another in the event that such other person does not pay it, then the promise is collateral, and the legality and adequacy of the consideration does not take it out of the statute of frauds.

While there was at one time, especially in the English courts, an inclination to treat as collateral, and therefore as within the statute of frauds every promise to pay the amount of another's debt, the unmistakable weight of the more recent cases, especially in this country, has been in favor of sustaining, as against the statute of frauds, an oral promise to unqualifiedly and absolutely pay another's debt on a consideration of advantage accruing to the promisor from such a promise. As was said in *Emerson v. Slater*, 22 How. 28, 43 (16 L. Ed. 360):

Cases in which the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal debtor, are, in general, within the statute of frauds. Other cases arise which also fall within the statute, where the collateral agreement is subsequent to the execution of a debt, and was not the inducement to it, on the ground that the subsisting liability was the foundation of the promise on the part of the defendant, without any other direct and separate consideration moving between the parties. But whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability.

And in *Nugent v. Wolfe*, 111 Pa. 471 (4 Atl. 15, 56 Am. Rep. 291), this language is used, quoted with approval in Bailey v. Marshall, 174 Pa. 602 (34 Atl. 326):

It is difficult, if not impossible, to formulate a rule by which to determine, in every case, whether a promise, relating to the debt or liability of a third person, is or is not within the statute; but, as a general rule, when the leading object of the promise or agreement is to become guarantor or surety to the promisee for a debt, for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time with the promise of the principal, is within the statute, and not binding, unless evidenced by writing. On the other hand, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute.

The following cases support the general proposition that, if the leading object of the promisor is not to become surety or guarantor of another, but to promote or subserve some interest of his own, his oral promise to pay

the amount of another's debt is not within the statute of
frauds, even though the original debtor is not released:
*Tindal v. Touchberry*, 3 Strob. (S. C.) 177 (49 Am. Dec.
637); *Smith v. Delaney*, 64 Conn. 264 (29 Atl. 496, 42
Am. St. Rep. 181, and note); *Joseph v. Smith*, 39 Neb.
259 (57 N. W. 1012, 42 Am. St. Rep. 571); *Marrow v.
White*, 151 N. C. 96 (65 S. E. 746); *Lorick v. Caldwell*,
85 S. C. 94 (67 S. E. 143); *Mine & Smelter Supply Co.
v. Stockgrowers' Bank*, 173 Fed. 859 (98 C. C. A. 229);
*Oldenburg v. Dorsey*, 102 Md. 172 (62 Atl. 576, 5 Ann.
Cas. 841).

If the evidence is in conflict as to whether the promise
is independent or collateral, the question is for the jury.
*Davis v. Patrick*, 141 U. S. 479 (12 Sup. Ct. 58, 35
L. Ed. 826); *McGowan Commercial Co. v. Midland Coal
& Lumber Co.*, 41 Mont. 211 (108 Pac. 655); *Johnson
v. Bank*, 60 W. Va. 320 (55 S. E. 394, 9 Ann. Cas. 893,
and note. Some of the more recent of our own cases on
the subject support the rule above announced. *Pratt v.
Fishwild*, 121 Iowa, 642; *Blake v. Robinson*, 129 Iowa,
196; *Harlan v. Harlan*, 102 Iowa, 701; *Carraher v. Allen*,
112 Iowa, 168; *Miller v. Adams*, 142 Iowa, 515; *Helt v.
Smith*, 74 Iowa, 667.

It is true that in some of these cases the facts involved
did not necessarily require the announcement of such a
rule as we are now recognizing. But we can not properly
disregard the repeated announcement of such rule as hav-
ing been made through misapprehension and oversight.
Unless there are cases in this court which, as applied to
the facts of this case, necessarily lead to a different result,
we should give heed to our previous repeated statement of
a general principle applicable to the case, although it may
have been made under circumstances not giving rise to the
precise question now before us. We fail to find among
the cases in this court relied upon for appellant any deci-

sion, as to this branch of the statute of frauds, inconsistent with the general proposition already stated.

In *Westheimer v. Peacock*, 2 Iowa, 528, the statute of frauds was applied in an action brought against a father who had orally promised to pay his son's debt; but the court said: "There is nothing to show that the defendant, when he made the promise, had in view or secured a benefit which accrued immediately to himself. On the contrary, his object was to obtain forbearance or benefit to his son. If for his own benefit, the promise would not be within the statute; if for the debtor, it would. And this distinction we think important, and one that is clearly recognized by the authorities." In *Sternburg v. Callanan*, 14 Iowa, 251, the question was whether the defendant partnership had assumed the individual debt of one of the partners, and the court held the partnership was not bound, because there had been no novation, and held the jury should have been instructed that an oral promise by one of the partners to pay the individual debt of another partner could not be established by parol; but the question of the statute of frauds was not otherwise discussed. In *Kauffman v. Harstock*, 31 Iowa, 472, it was simply held that an agreement, upon certain contingencies, to step into the place of another, as to his debt, and to hold the creditor harmless, was within the statute of frauds. In *Dee v. Downs*, 57 Iowa, 589, was involved only the question whether an agreement to become surety for another was within the statute. In *Vaughn v. Smith*, 65 Iowa, 579, it was held that there was no new and independent consideration for the oral promise to answer for the debt of another, and that it was therefore within the statute of frauds. In *Walker v. Irwin*, 94 Iowa, 448, it was pointed out that the oral agreement relied upon was not an original agreement, but one obligating the promisor to step into the place of the debtor and pay his liability upon certain conditions, and that it was therefore collateral, although the

contingencies contemplated had happened; and it was said that the defendant received no personal benefit, so that his obligation was without consideration. In *Schaffs v. Wentz,* 100 Iowa, 708, the oral promise relied upon was held to be collateral, and therefore within the statute. In *Griffin v. Hoag,* 105 Iowa, 499, the oral promise relied on was held unenforceable, because a mere naked promise, without consideration of detriment to the promisee or advantage to the promisor. In *Winburn v. Fidelity L. & B. Ass'n,* 110 Iowa, 374, it was held by a divided court that an oral acceptance by an agent of orders drawn upon him for his principal's funds would not render his principal liable, in the absence of the existence of funds in the hands of the agent out of which the orders could be paid. It is difficult to find any application of the case to the question now under consideration. In *Regan v. Kirk,* 140 Iowa, 302, it was held, without discussion, that reliance by the promisee on an oral promise to pay the debt of another would not render such promise enforceable.

None of these cases are at all inconsistent in principle with the rule that an oral agreement, entered into on consideration of benefit to the promisor, and relied upon by the promisee to his detriment, to pay to the promisee the amount of the claim of the latter against a third person may be enforced, without regard to whether the effect of the agreement is to release such third person from his liability; and we reach the conclusion that the court properly submitted to the jury the question whether the oral promise of the defendant to pay to Frohardt Bros. the amount of their claim against Whitsett was an original and independent obligation, entered into on account of anticipated benefit to defendant, or whether it was merely a collateral agreement to pay Whitsett's debt, and that the judgment against the defendant in favor of Frohardt Bros. should be affirmed.

II. The appeal of Droge Bros. is predicated on

a refusal of the trial court to allow them to introduce evidence on two other counts of the original petition. It

2. TRIAL: withdrawal of of counts: exclusion of evidence on retrial.

appears that, as originally filed, the petition was in two counts, one alleging partnership between defendant and Whitsett, and the other charging fraud and conspiracy between them to put the property of the latter beyond the reach of creditors. Subsequently an amendment was filed to the petition, alleging an independent promise of defendant to pay Whitsett's debts to each of the plaintiffs. When the case came on for trial, evidence was presented in behalf of the plaintiffs under the petition as thus amended, but on motion of defendant the court withdrew from the jury the consideration of the issues raised by denial of the first and second counts, and submitted to the jury only the issue as to an independent promise. The jury disagreed on this submission, and when the case came on for retrial the judge held that the previous ruling as to the first two counts constituted in effect an adjudication, and that there could be a trial only on the third count. The record as presented for Droge Bros. shows that the trial court found a determination as to the first and second counts which did in fact constitute an adjudication, and, if so, plainly those counts were not proper subject-matter for further evidence in the case. The mistrial was only as to the issue arising under the third count; that is, the amendment. There was no mistrial as to the first and second counts; for they were never submitted to the jury at all.

The final adjudication may consist of many judgments, or, when the claim consists of several parts or items, such judgments may be for either of the parts, or any specific part or item, of such aggregate claim, and against him on the other part thereof. Code, section 3769. It is not necessary now to determine whether the final adjudication as to the first and second counts was in·

such form that a separate appeal might have been prosecuted from it, or whether it was an incidental ruling of the trial court, which might be reviewed on appeal from the final judgment. No separate appeal was taken, and on the present appeal there is no claim of error as to the ruling. Under these circumstances, Droge Bros. can not complain of the action of the trial court in refusing to receive evidence on the last trial in support of the first two counts of the petition.

The judgment of the trial court is therefore, on both appeals, *Affirmed.*

EVANS, J. (dissenting in part).—I do not agree to the first branch of the majority opinion. It goes beyond any previous decision of this court. In practical effect, it is an evasion of the statute of frauds. My views are expressed in the former opinion filed in this case, which can be found in 132 N. W. 31.