WILSON V. SMITH ET AL.

73 429
100 710

1. **Statute of Frauds:** PROMISE TO PAY ANOTHER'S DEBT: WHAT IS NOT. One of several defendants in an action, being dissatisfied with the judgment rendered, orally promised a co-defendant that, if he would appeal, he would pay half of the attorney's fees. *Held* that this was not a mere promise to pay the debt of the co-defendant, but his own debt, since he hoped himself to be benefited by the appeal, and it is immaterial whether or not he could have taken any advantage from an appeal to which he was not a party.

*Appeal from Harrison District Court*—HON. G. W. WAKE-FIELD, Judge.

WEDNESDAY, DECEMBER 14.

THE defendants, Joseph H. Smith and C. S. Parker, are executors of the estate of Ezra Perry, deceased. The plaintiff, Allen Wilson, filed a claim against the estate for money paid as attorney's fee in an action of *Annis Mitchell v. Allen Wilson et al.* The claim was allowed, and the defendants appeal.

*Joseph H. Smith*, for appellants.

*H. H. Roadifer*, for appellee.

ADAMS, CH. J.—The fact appears to be that Annis Mitchell brought an action to establish a boundary line, and made defendants, not only this plaintiff, Allen Wilson, but the deceased, Ezra Perry, and one other person. From the judgment establishing the boundary, the defendant, Allen Wilson, (present plaintiff,) appealed. The evidence, we think, tends to show that Perry also felt aggrieved by the judgment, and desired that an appeal should be taken, and told Wilson that he would pay one-half of the cost of the appeal. His promise to pay, however, was a mere verbal promise, and the defendants insist that it was merely a promise to pay the debt of another, and was therefore within the statute of frauds. But, in our opinion, the promise was made by the

deceased, not with the view of benefiting Wilson alone, but with the view of benefiting himself also. We have no doubt that the deceased thought that a reversal would give him, as well as Wilson, a different and more favorable boundary line. Whether such would have been the result of a reversal upon Wilson's appeal alone, we need not determine. It is sufficient, we think, that the decedent expected to secure a benefit and entered into the contract with a view to such result. It is quite possible that Wilson would not have appealed but for the promise made by the deceased. It is certain that the amount of Wilson's interest involved could hardly be said to justify it. In making the promise, it was for the deceased to judge whether he would be benefited or not, and we do not think that his estate can escape liability, even if it should appear that he was mistaken. We think that the promise was made with a view to securing a benefit, and that we must assume that the appeal was prosecuted in part for his supposed benefit, if it was not originally taken at his instance.

In our opinion the claim was properly allowed.

AFFIRMED.