## HELT v. SMITH.

1. **Statute of Frauds** : PROMISE TO PAY ANOTHER'S DEBT : CONSIDERATION. Plaintiff had attached certain property of H. Afterwards H. was offering other property, on a part of which defendant had a mortgage, for sale at auction, and defendant was to have enough of the proceeds of the sale to satisfy his mortgage. At this time plaintiff was about to attach more of the property, and the sale was about to stop. Defendant thereupon orally agreed with plaintiff that if he would desist from attaching more property, and thus allow the sale to proceed, he would pay so much of plaintiff's claim against H. as should not be paid by the sale of property already attached. *Held* that the promise was based upon a sufficient consideration to take it out of the statute of frauds. (See opinion for cases followed and distinguished.)

2. **Appeal** : PRESUMPTION IN FAVOR OF VERDICT. Where the trial court instructed the jury that they must find certain facts in order to find for the defendant, and there was evidence from which the jury might well have found such facts, and there was a general verdict for defendant, this court will presume that the jury found such facts, rather than that they disregarded the instructions of the court.

3. **Instructions** : REFERRING TO PLEADINGS. Error in referring the jury to the pleadings in stating the issues is without prejudice, and no ground for reversal, where the jury is in other instructions fully and explicitly directed as to the facts necessary to be proved in order to a recovery.

*Appeal from Des Moines District Court.* — HON. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

ACTION on an alleged parol promise by defendant to pay a debt which one H. A. Hills was owing to plaintiff. Verdict and judgment for plaintiff. Defendant appeals.

*T. J. Trulock*, for appellant.

*T. B. Snyder*, for appellee.

REED, J.—I. A question in the case is whether the alleged promise by defendant is within the statute of

1. STATUTE of frauds: promise to pay another's debt: consideration.

frauds. The evidence shows that plaintiff had instituted a suit on a written demand against Hills, and had sued out a writ of attachment, which had been levied on certain personal property. Hills was offering his property for sale at public auction, and plaintiff, deeming the property seized in the writ insufficient to secure his debt, went to Hills' place on the day of the sale, accompanied by the sheriff, who had the writ, with the intention of levying on additional property. Defendant held a chattel mortgage on a portion of the property which was being sold, and he was present at the sale. By an arrangement between him and Hills, he was to receive a sufficient amount of the proceeds of the property to satisfy the mortgage debt. When it became known that the purpose of plaintiff was to levy on additional property, the sale was stopped. There was evidence which tended to prove that defendant agreed with plaintiff that if the latter would direct the sheriff to make no additional levy, but permit the sale to proceed, he (defendant) would pay such portion of the debt as should be unsatisfied after the sale of the attached property. There was a conflict in the evidence as to whether such agreement was entered into, but the verdict implies a finding by the jury against defendant on the question. Plaintiff and the sheriff left the place without making any additional levy, and the sale proceeded, and all of the property was sold. Plaintiff afterwards prosecuted his suit against Hills to judgment, and sold the attached property; and this action is for the recovery of the unsatisfied portion of the debt. It is very clear, we think, that defendant's promise is not a mere collateral undertaking to answer for the debt or default of another, but is an original agreement, supported by a consideration moving to himself, to pay the debt. He was directly interested in having the sale of the property proceed, for thereby

he would secure the payment of the debt due him, without incurring the expense and trouble incident to the foreclosure of his mortgage. For the purpose of securing that advantage, he promised to pay so much of plaintiff's debt as should remain unsatisfied after the sale of the attached property, and by that promise induced plaintiff to forbear making any further seizure upon the writ. The case is very different in its facts from *Westheimer v. Peacock*, 2 Iowa, 528. In that case the promise was supported by no other consideration than the forbearance of the creditor to prosecute his action against the debtor. The promisor derived no benefit or advantage from it. But here the advantage arising from the arrangement moved directly to defendant; and the uniform holding of the authorities is that a promise supported by a consideration of that character is not within the statute. *Blair Town Lot & Land Co. v. Walker*, 39 Iowa, 406; *Johnson v. Knapp*, 36 Iowa, 616; *Chamberlin v. Ingalls*, 38 Iowa, 300.

II. The district court instructed the jury, in effect, that plaintiff could not recover unless he had proven

2. APPEAL: presumption in favor of verdict.

that Hills had property liable to attachment which he (plaintiff) was about to attach; and that defendant, having an interest in the property, and desiring to protect such interest, agreed with plaintiff that, if he would desist from making any further levy upon said property, he would pay any balance that would remain due upon the debt to plaintiff, after crediting the proceeds of the attached property, and that he accepted and relied upon that promise, and abandoned all further efforts to attach the property. Counsel for plaintiff took no exception to this instruction, but contend in argument that the jury must have disregarded it in making up their verdict. His contention was that the evidence did not show that any portion of the property was liable to seizure upon attachment. It may be conceded that the portion of the property which was included in defendant's mortgage was not subject to seizure. It is also probably true that some portion of the property was exempt from sale on

judicial process. But the jury may well have found from the evidence that Hills had property which he was offering at the sale which was neither included in defendant's mortgage nor exempt from execution. The verdict implies that they did so find, and we cannot disturb the verdict.

III. Exception was taken to an instruction in which the jury were told that the question for them to determine was whether, under the circum-

3. INSTRUCTIONS: referring to pleadings.

stances and upon the consideration stated in the petition, defendant entered into the alleged agreement. If it should be conceded that this instruction lacks explicitness, and is open to the objection that it refers the jury to the petition for a statement of the consideration of the alleged contract, we could not reverse on that ground; for it seems to us impossible that any prejudice could have resulted from it, for in other instructions the jury were fully and explicitly directed as to the facts which plaintiff must have proven before he could be entitled to recover.

AFFIRMED.