Henry Schaafs, Appellant, v. Anton Wentz.

**Promise to Pay Debt of Another:** CONSIDERATION: *Collateral obligation.* An oral promise by one to pay a debt of his deceased son-in-law, if the creditor would not make trouble, is within the statute of frauds, where it does not appear that the promisor gained any personal advantage by the creditor's forebearance, and it is shown that, by reason of the insolvency of the estate, the creditor would have received nothing had he pressed his claim.

*Appeal from Plymouth District Court.*—Hon. John F. Oliver, Judge.

Tuesday, January 26 1897.

Action to recover of defendant the amount of a certain promissory note and book account due and owing the plaintiff from one Mathew Neisus, deceased. Plaintiff alleges that the defendant orally promised and agreed to pay the same, in consideration of the use of the property left by the decedent. The defendant denies the promise, and says that, if any was made, it was within the statute of frauds, and is not binding upon him. The case, on these issues, was tried to a jury, and at the conclusion of plaintiff's evidence the court directed a verdict for defendant. Plaintiff appeals.—*Affirmed.*

*Edward S. Lloyd* and *I. S. Struble* for appellant.

*Argo, McDuffie & Reichmann* for appellee.

Deemer, J.—Matthew Neisus died intestate on the fourth day of July, 1893, leaving a widow and one

child surviving. At the time of his death he was indebted to plaintiff on the note and book account before referred to, and to various other persons, whose claims were thereafter assigned to defendant. The amount of these claims, excluding that held by plaintiff, was six hundred and seventy-four dollars and twelve cents. Three hundred and twenty dollars of this sum was for rent, and this claim was a lien upon all of the nonexempt property owned by the deceased, for it had been kept and used upon the leased premises. Defendant was a surety for the rent claim. Of the property left by the deceased, three hundred and seventy-eight dollars in value was set apart to the widow as exempt; and the whole of his estate, including the exempt property, sold at administratrix sale for six hundred and twenty-eight dollars and fifty-seven cents. Some time prior to December 15, 1893 (the exact date not appearing), Maggie Neisus, widow of Mathew Neisus, deceased, was appointed administratrix of the estate of her husband, and thereafter she sold the personal property belonging thereto, receiving in the aggregate the amount stated above. Plaintiff claims, and introduced evidence tending to show, that defendant, who is and was the father-in-law of the deceased, orally promised and agreed to pay the amount of his claim. He concedes that ordinarily such a promise would come within the statute of frauds, which provides that no evidence of a promise by one to answer for the debt of another, including promises by executors to pay the debt of their principal from their own estate, is competent unless it be in writing, and signed by the party charged, or by his lawfully authorized agent. Code, section 3663, 3664, sub-division 3. But he contends that the promise in this case was based upon an independent consideration, and was made to subserve defendant's purposes, and was therefore an original one. The

testimony relied upon to establish the promise and the claimed consideration therefor was to the effect that defendant went to plaintiff some time in October, 1893, and asked about the amount that was due and owing him from his (defendant's) son-in-law; that plaintiff gave him the amount, and defendant then said: "Don't make me any bother, and don't make any trouble. I will pay it very soon, but you will have to give me some time." Plaintiff responded by saying that he would take his word for it, and let it go as it was until later. There is also evidence to the effect that defendant said that he had some interest in the property of the deceased, and that he wanted to see how he would come out with it. There is also evidence to the effect that plaintiff turned his note and account over to an attorney for collection, and that this attorney presented them to defendant for collection, whereupon defendant said that he had all of the property belonging to Neisus in his possession; that he was going to make a sale of it, and would then pay the plaintiff's claim; that he had claims against the estate, and, if no costs were made, he would come out better. It also appears that Wentz then said to the attorney, that he had told plaintiff not to make any costs or expenses, and he would pay him. It is clear that, so far, the alleged promise of the defendant was to answer for the debt of his son-in-law. Appellant claims, however, that by reason of this promise he secured an advantage to himself, in being allowed the use of the property of deceased until the time of the appointment of the administratrix, and in furthering his own interest as a creditor of the estate. And he relies upon the cases of *Helt v. Smith*, 74 Iowa, 667 (39 N. W. Rep. 81), and *Wilson v. Smith*, 73 Iowa, 429 (35 N. W. Rep. 506), in support of his contention. We think the facts of this case clearly distinguish it from those cited. Here, there is no showing of any

advantage to defendant in making the promise. True, he was, or might become, a creditor of the estate, but delay on the part of the plaintiff was of no advantage to him as such. It also appears that he and his son harvested and sold the grain raised upon the leased land, but this he sold and applied upon the claim for rent. This he not only had the right to do, as a surety for the rent claim, but it was also his duty to do so, for the landlord had a lien upon it superior to all other claims. Delay of the plaintiff in instituting his proceedings for the appointment of an administrator and the filing of his claim, was, under such circumstances, neither a loss to him, nor an advantage or benefit to defendant.

It is also claimed that defendant had the use of the property of the deceased from the time of his death until the appointment of the administratrix, in December, and that the delay he secured by the promise was of advantage to him. We do not think the facts disclosed justify this claim. It is true, defendant did have the possession of some of the property; but he took it at the instance and suggestion of his daughter, the widow of the deceased, and held it for her, and gained no personal advantage therefrom. The promise made by the defendant was clearly collateral, and not an original one, for it was not supported by any consideration moving to him. Not only did no advantage move to the defendant in this case, but no disadvantage resulted to plaintiff by reason of his forbearance. The setting aside of the exempt property to the widow, and payment of the claim for rent, which was a prior lien upon what remained, exhausted the entire estate, and there was nothing left for the general creditors. Had plaintiff proceeded immediately, he could have made nothing on his claim. The fact is not to be

overlooked that administration was granted in this case within five months from the death of Neisus, and that defendant gained no advantage from his promise. It is also to be·remembered that, at the time the promise is said to have been made, defendant was not a creditor of the estate. He was a surety on his son-in-law's contract of lease, and would not become a creditor until he was compelled to, or did voluntarily, pay the rent reserved. With these facts in mind, it is clear that the promise was collateral, and nothing more than an agreement to make as much out of the property as possible for the benefit of all the creditors. The case of *Wilson v. Smith*, 73 Iowa, 429 (35 N. W. Rep. 506), relied upon by appellant, is not in point, for the reason that the contract in that case was of indemnity, and not a promise to answer for the debt of another.

Some other questions are discussed by counsel, but what we have said disposes of all of them. Our conclusion is that the court correctly sustained the defendant's motion, and the judgment is AFFIRMED.