MAINE CANDY AND PRODUCTS COMPANY

*vs.*

ALFRED TURGEON ET ALS.

Androscoggin.     Opinion September 12, 1925.

*A promise to pay the debt of another if based upon a new and original consideration beneficial to the promisor is not within the Statute of Frauds; nor does the fact that the promisee also agreed to discharge the third party from his liability make the agreement one of novation, unless the third party assents to the agreement; nor does his failure to assent render the promise to pay unenforceable, if based on a new consideration beneficial to the promisor.*

In the instant case the declaration while alleging as an inducement for the defendants' promise a desire to relieve a third party of his debt to the plaintiff, the promise to pay the debt is not alleged to be in consideration of the discharge of the debt of the third party, but in consideration of a forbearance to sue him at that time, and the extension of further credit and the sale of merchandise to the defendants on credit.

The declaration does not set forth an agreement of novation and enforceable as such, nor would the evidence sustain such an allegation; but it does set forth an original promise by the defendants based on a new and sufficient consideration beneficial to them, which the court below found to be supported by the evidence, and the findings of fact by the court below must be sustained as there was some evidence in the case to support them all.

On exceptions. An action to recover $216.11 on an oral promise made by defendants to pay said sum, it being a debt of another party, to plaintiff in consideration that it would forbear for a time to sue such third party. The question involved was as to whether the promise alleged was one of novation or a promise to pay the debt of another supported by a new consideration beneficial to the promisors. The cause was heard by the court below in vacation without a jury, all rights of exceptions being reserved, and a finding for plaintiff for the full amount was made. The defendants entered several

exceptions to the admission and exclusion of certain evidence and to the refusal to grant a requested instruction.    Exceptions overruled.

The case fully appears in the opinion.

*Benjamin L. Berman, Jacob H. Berman and Edward J. Berman,* for. plaintiff.

*M. L. Lizotte and Herbert E. Holmes,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

WILSON, C. J.    An action to recover on an oral promise involving the payment of the debt of another.    It was heard by the court below without a jury with right of exceptions reserved.

The case comes to this court on defendants' exceptions to the admission and exclusion of certain evidence and to the refusal of the Justice below to make certain rulings requested by the defendants.

The case was tried by the defendants below and argued before this court upon the ground that the plaintiff in its declaration relied upon a special contract of novation, or a substitution by agreement of the defendants for the original debtor and a discharge of the original debtor, and that the evidence did not support the declaration.

The plaintiff contended below and contends here that the agreement declared on and proved was not one of strict novation, but a promise based upon and supported by a new consideration beneficial to the defendants, and was, therefore, not within the Statute of Frauds, although the promise was to pay the debt of another.

One Philip Giguere the son-in-law of the defendant, Alfred Turgeon, prior to April 1st, 1924, conducted a confectionery store in the city of Lewiston.    The plaintiff, a manufacturer and dealer at wholesale in confectionery, had been supplying him with its products.    Giguere's financial affairs prior to April 1st had become such that the plaintiff had refused to longer supply him with goods except for cash and upon condition that he should reduce his indebtedness to the plaintiff by weekly payments.

Giguere was also owing other parties, including one of the local banks, which held his notes endorsed by two of the defendants, Alfred Turgeon and Edward Turgeon, to the amount of $2,250.    On April 18th, Giguere transferred his business and all his stock in trade to the defendants, who for the purposes of this case, at least, are conceded to be partners.

One of the defendants admitted that no notice was sent to creditors of Giguere of the sale of his stock of goods in bulk as required by Sec. 6, Chap. 114, R. S., and the court so found. The court also found as facts that the plaintiff attacked the validity of the sale upon this ground and threatened to sue Giguere and attach the goods in the hands of the defendants unless they would agree to assume and pay Giguere's indebtedness to it, and that the defendants did promise to pay the debt due from Giguere in consideration of its forbearing to sue and allowing the sale to stand and of its granting further time for the payment of the Giguere account and of furnishing to the defendants, merchandise on the usual terms of credit, and that as a result of the agreement, the defendants were permitted to retain the goods and go on with the business.

There was evidence on which these findings could rest and the defendants' exceptions must be considered in light of these findings of fact.

The defendants made five requested rulings of which the following were denied and are the basis of exceptions: "(3) The plaintiff must prove that Philip Giguere assented to a novation in order that there should be a novation." "(4) That assuming all the testimony of the plaintiff's witnesses to be true, the plaintiff failed to prove there was an agreement between it and the defendants that it, the plaintiff, would extend further credit to the defendants to sell them on credit further certain articles of merchandise." "(5) That assuming all the evidence in the case in its most favorable aspect to the plaintiff's contentions to be true, the evidence fails, under the law, to prove the contract alleged in the writ."

An examination of the plaintiff's declaration and a brief summary of the principles of law applicable to such a state of facts will disclose that the defendants' exceptions are without merit.

While the declaration, as an inducement for the promise, does set forth that, desiring to relieve Philip Giguere of his obligation to the plaintiff, the defendants promised that they would assume the obligation, not in consideration of the relief of Giguere of the debt, but in consideration of forbearance to sue at that time, the extension of further credit and the sale of goods to the defendants on credit; and while it further alleges that the plaintiff did relieve and release Giguere from his obligation and performed its part of the agreement, it does not adequately set forth an agreement of novation and enforce-

able as such, inasmuch as it does not allege that Giguere was a party to it, nor does the evidence show such to be a fact, which is essential to an agreement of novation. Williston on Contracts, Vol. III., Secs. 1869-71.

It, however, does set forth an original promise based on a new consideration beneficial to the defendants, which is supported by the evidence; hence the requested ruling numbered (3) was not applicable to any issue involved in the case, and was properly refused.

The exceptions to the refusal to make the other requested rulings might as summarily be disposed of; as the declaration does set forth an agreement to extend credit and to sell to the defendants further articles of merchandise on credit, and further that in consideration of a forbearance to pursue said Giguere and compel him to pay at that time, the defendants promised to pay the plaintiff the amount sued for in the plaintiff's writ, all of which was done, as the declaration alleges, in consequence of the defendants' desire to purchase the assets of said Giguere and to succeed to his business. The court below having found the facts as claimed by the plaintiff, and we think upon sufficient evidence, the rulings numbered (4) and (5) were also properly refused.

The contention of the plaintiff that the defendants' promise as alleged and proved was one based upon a new and original consideration beneficial to them and therefore not within the Statute of Frauds, although the promise was to pay the debt of another, is supported by abundant authority. *Emerson* v. *Slater*, 22 Howard, 28; *Zimmerman* v. *Holt*, 102 Ark., 407; *Helt* v. *Smith*, 74 Ia., 667; *Munroe* v. *Mundy*, 164 Ia., 707; *Cross* v. *Richardson*, 30 Vt., 641; *Kirby* v. *Kirby*, 248 Pa. St., 117; *Frohart* v. *Duff*, 156 Ia., 144; *Fears* v. *Story*, 131 Mass., 47; *Nelson* v. *Boynton*, 3 Met., 402; 25 R. C. L., pages 493-503; Williston on Contracts, Vol. I., Sec. 472. This principle was also recognized in the cases of *Colbath* v. *Clark Seed Co.*, 112 Maine, 277; and *Starkey* v. *Lewin*, 118 Maine, 87, though in neither of these cases was the promise relied upon to pay a debt of another already incurred.

It mattered not, although as a part of the agreement the plaintiff discharged Giguere and accepted the defendants as his creditor, that novation was not completed, because the agreement was not assented to by Giguere. The oral promise of the defendants to pay, even if it was agreed between plaintiff and defendants that Giguere was thereby discharged, was just as binding, since it was based upon a considera-

tion beneficial to them, and was clearly an original promise on their part and not conditional upon a failure of Giguere to pay. Williston on Contracts, Vol. I., Sec. 473; *Cross* v. *Richardson*, 30 Vt., 648.

The defendants were indorsers of his notes. They had taken over his business and stock of goods. It was obviously for their benefit that the sale be not disturbed by attachment, but that they be permitted to retain the goods, carry on the business, and derive the greatest benefit from the assets and also have further time in which to pay the debt and be extended the usual terms of credit themselves. A promise based upon a forbearance to sue under such conditions where the promisee surrenders up a right to attach, or a lien, and the promisor acquires a corresponding benefit, has frequently been upheld. *Helt* v. *Smith*, supra; *Kirby* v. *Kirby*, supra; *Frohart* v. *Duff*, supra; Williston on Contracts, Vol. I., pages 907-8.

The defendants' exception to the admission of the bank official as to the indorsements of the defendant on the ground of irrelevancy must also be overruled. It was clearly relevant upon the plaintiff's theory of the case to show the interest of the defendants in the financial condition of Giguere as indorsers on his notes as bearing upon the benefits derived by them from the forbearance of the plaintiff to sue and allowing them to retain the assets of their debtor.

The defendants' other exception to the ruling of the court, excluding the bill of sale given by Giguere, offered for the sole purpose, as stated at the time by counsel, to show that it was given to Philip Turgeon, one of the members of the firm, has no merit. The defendants do not now seriously contend that the sale was not in fact made and the business taken over by the defendants as partners and run by them for several months as such under the name of A. Turgeon & Son. The court so found. The evidence warranted the finding.

The record shows no exception taken to any alleged supporting testimony showing a setting aside of the purchase price as a trust fund in the defendants' hands for the benefit of Giguere's creditors. If such had been received, it would only have served to strengthen the position of the plaintiff that the promise of the defendants was not within the Statute of Frauds and was based upon a new and sufficient consideration. *Hilton* v. *Dinsmore*, 21 Maine, 410; *Maxwell* v. *Haynes*, 41 Maine, 559; *Goodwin* v. *Bowden*, 54 Maine, 424; *Stewart* v. *Campbell*, 58 Maine, 449, 450.

*Exceptions overruled.*