FRANK R. DYER *vs.* EDWIN C. BARNES.

Lincoln.    Opinion April 23, 1929.

*Ralph Dale,* for plaintiff.
*Weston M. Hilton,* for defendant.

SITTING: WILSON, C. J., DUNN, BARNES, PATTANGALL, FARRING-
TON, JJ.

DUNN, J.   This action concerned if the plaintiff was entitled to
a compensatory verdict against the defendant for drilling a well
on his Lincoln county premises. The plaintiff established a state of
facts which entitled the case to go to the jury. He testified that
in drilling the well he relied partly upon a special contract, which
he had fully performed, and partly on an implied promise; the
latter regulating the amount of recovery, which plaintiff attested
should be $825.
    The defense introduced testimony in denial of liability. Defendant
witnessed that he gave plaintiff permission to drill this well, near

one plaintiff had drilled previously, which had ever been inadequate in supplying water; the defendant to be under no obligation to pay for the new well. No other issue was litigated.

Numerically the witnesses were on the side of the defendant, but the jury finding the testimony given by the plaintiff to outweigh that adduced by the defendant, awarded the plaintiff damages in the sum of $666.60.

The case is here on motion in usual form for a new trial.

While recognizing, generally, that a party can not complain that a verdict against him is too small, counsel finds fault with this verdict, not because the verdict is not large enough, but because, if the jury believed the plaintiff, the jury was bound to render a verdict for the amount he claimed, and that in deciding that plaintiff was not entitled to what he demanded, the triers of fact in effect refused to accept his version of the case.

It is argued that while perhaps the jury might well, upon the conflict of evidence, have found either way as to liability, yet they could not with consistency find both ways as to damages; wherefore, argument continues, it being the right of every litigant to have the verdict against him based upon the evidence, this verdict, which should have been either for the plaintiff in the amount sued for, or for the defendant, is manifestly wrong.

Where there exists a fixed standard or scale by which damages may be calculated, a jury will not be permitted to depart from it. *Miller* v. *Mariner's Church*, 7 Me., 51, 55. But no such standard is applicable to the case at bar. Damages were not liquidated, nor were they capable of being reduced to certainty by arithmetical calculation, so the criterion was how much the plaintiff deserved for drilling the well. He was allowed to express his opinion from personal knowledge of a transaction in the ordinary affairs of life. *Snow* v. *Boston & Maine Railroad*, 65 Me., 230. The jury in arriving at its own opinion, from the facts and circumstances and inferences and the opinion given in testimony, might accept the latter opinion at face value, or discredit it, wholly or in part. *Snow* v. *Boston & Maine Railroad*, supra.

Other points are advanced, but on close scrutiny of the record it is not to be said the jury rested its verdict on other than a reasonable basis in believable, believed, and fairly preponderating evi-

dence. Another jury, on the same evidence, might have decided differently. This, however, is not of consequence in testing the integrity of the present verdict.

*Motion overruled.*