ELLIOTT S. PETERSON CO. *vs.* NORMAN M. PARROTT.

Cumberland.    Opinion November 26, 1930.

*Chaplin & Burkett,*
*Albert Knudsen,* for plaintiff.
*Hinckley, Hinckley & Shesong,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, JJ.

PATTANGALL, C. J.    Exceptions.    Directed verdict for plaintiff. Action on promissory notes given in part payment for automobile.

Plea general issue and brief statement claiming partial failure of consideration and right to recoupment because of certain alleged defects in the automobile.

Defendant purchased a new car of plaintiff on April 6, 1929, the price thereof being $2,170. An old car was accepted in part payment, some cash was paid and notes given to make up the total. Of these notes, defendant paid all but two, each for $200, the subject matter of this suit.

When the car was purchased, a written order therefor was signed by defendant. The order was accepted subject to certain conditions printed upon the reverse side of the document, the important feature of which was a warranty, reading:

> "We warrant each new motor vehicle manufactured by us, whether passenger car or commercial vehicle, to be free from defects in material or workmanship under normal use and service, our obligation under this warranty being limited to making good at our factory any parts or part thereof which shall, within ninety (90) days after delivery of such vehicle to the original purchaser, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective; this warranty being expressly in lieu of all other warranties express or implied and of all other obligations or liabilities on our part, and we neither assume nor authorize any other person to assume for us any other liability in connection with the sale of our vehicles.

> "We make no warranty whatsoever in regard to tires, rims, ignition apparatus, horns or other signaling devices, starting devices, generators, batteries, speedometers or other trade accessories, inasmuch as they are usually warranted separately by their respective manufacturers."

The parties are bound by this warranty. It is urged that defendant's attention was not called to it, that he was given no copy of the document which he signed, and that he was not aware of its contents, at least so far as what was printed on the reverse side of the paper was concerned. This avails him nothing. He was com-

petent to do business. No deceit was practised on him. If he signed a document without reading, examining and understanding it, no one is responsible for the fact excepting himself and no court can protect him or any other person competent to contract from the result of that particular form of carelessness. He took the car subject to the exact terms of the written contract.

Under these terms, it was incumbent on plaintiff to deliver to defendant a car "free from defects in material or workmanship" or to make good "any part or parts thereof which shall, within ninety (90) days after delivery . . . be returned . . . and which shall disclose to our (plaintiff's) satisfaction to have been defective."

The particular defects of which defendant complains are set forth in detail in his brief statement:

"(1) The speedometer on said automobile was disconnected, and not in running order.

(2) The carburetor leaked, and after an attempt at repairing the same by the plaintiff the work was so improperly done that the gas supply was shut off from the engine, as a result of which the defendant was obliged to leave his automobile at a point a long distance from a garage, and have said automobile towed to a garage causing said defendant to lose the use of said automobile in his business for one day.

(3) A spring inside the right front brake drum became detached and scored the inside of said drum causing serious damage to said drum.

(4) The steering gear was defective and improperly assembled. Said plaintiff attempted to remedy the condition, causing it to be in worse condition than it was before. This condition continued for a long period of time and the plaintiff was unable to remedy the condition.

(5) A bearing in the transmission was faulty so that it had to be replaced by said plaintiff, but the condition could not be remedied and it was necessary to have a new transmission installed.

(6) A wrist pin in one of the engine cylinders was faulty, and it was necessary to have a new one.

(7) Squeaks and noises developed in the springs, which it was impossible to remedy due to the faulty condition of the springs, so that is was necessary for the defendant to expend a large amount of money to remedy the situation.

(8) The dome light switch was defective so that it broke under ordinary operation.

(9) The rear wheels were not properly adjusted so as to run true and in alignment.

(10) The buttons on the rear cushions were not properly attached to the cushions and came off.

(11) The rear footrest bracket was defective and broke while being used in a proper and ordinary manner.

(12) Several shock absorber straps broke because the shock absorbers were not suitable and proper for said automobile.

(13) The generator was defective and incapable of doing the work required of it.

(14) The paint on said automobile was not in good condition and was not properly applied.

(15) The rear springs of said automobile are not suitable and will not carry the weight required in a car of that size, as a result of which when an ordinary load is in the rear seat the body of the car bumps against the housing."

No evidence was introduced concerning the ninth, eleventh and thirteenth items. They may therefore be disregarded.

The first and sixth items were not called to the attention of plaintiff during the ninety days provided in the warranty, so that if they could properly be considered defects, defendant could not recover damages because of them.

The second, third, tenth, and twelfth items were taken care of by plaintiff as soon as they were called to its attention.

As to the fifth item, plaintiff attempted to remedy the defect, was unable to do so during the ninety-day period, but arranged so that it was entirely remedied later.

The evidence does not disclose any defect in workmanship or material which would warrant recovery on the fourth, seventh, eighth or fifteenth items.

Evidence was offered, tending to sustain the fourteenth item, which brought it within the scope of the warranty. If "the paint on the automobile was not in good condition and was not properly applied," defective workmanship or material or both was plainly indicated, for which defendant would be entitled to damages in recoupment.

It is argued that the evidence of the amount of such damage was too vague and uncertain to furnish a jury a reasonable basis of computation. Nominal damages may not be recovered in recoupment. *Foote and Davies Co.* v. *Maloney* (Ga.), 42 S. E., 143. But the damages claimed on this item were not nominal; they were substantial, even though the evidence may have been such as only to warrant a verdict for a nominal amount.

"Where there is some proof of damages sustained from a breach of contract but the amount is uncertain, the court has sometimes instructed the jury to allow the smallest sum which will satisfy the proof." *Adams Express Co.* v. *Egbert* (Penn.), 78 Am. Dec., 382.

Proof of breach of contract by plaintiff and some actual resulting damage to defendant raised a question which should have been submitted to the jury.

*Exceptions sustained.*