GOTTESMAN & COMPANY, INC.

*vs.*

PORTLAND TERMINAL COMPANY.

MORTON SONE *vs.* PORTLAND TERMINAL COMPANY.

Cumberland.   Opinion, July 21, 1942.

. *Nathan W. Thompson,*

*John D. Leddy,* for the plaintiffs.

*E. Spencer Miller,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, JJ.

HUDSON, J.    These two actions for breach of storage contracts were tried together before a referee and come up on exceptions to acceptance of his reports. Of the objections filed only those that have to do with assessment of damages need present consideration.

The defendant, with agreed responsibility of a warehouseman (Chap. 163, Sec. 21, R. S. 1930), received wood pulp from each plaintiff and stored it in box cars on three different tracks

in its Yard No. 9 in Portland. It consisted of 1875 bales delivered on March 8, 1937, by Gottesman & Company, Inc. and 2319 bales delivered on April 9, 1937, by Morton Sone. The contracts were wholly unrelated.

On April 13, 1937, a fire of unknown origin was discovered in this yard and by it some of each plaintiff's pulp was damaged. Of the 2319 bales of Sone pulp 180 bales were damaged and of the 1875 bales of Gottesman & Company, Inc. pulp 150 bales. It is conceded that the defendant is not at fault on account of the starting of the fire. Plaintiffs' counsel in his brief states: "The only question, therefore, is how much of that actual loss was caused by defendant's negligence."

The referee, having found negligence upon the part of the defendant (apart from the origin of the fire), awarded to Gottesman & Company, Inc. as damages $1,344, and to Mr. Sone $633.99. Consequently, it appears that of the total losses agreed upon, i.e., $950.98 by Sone and $2,016 by Gottesman & Company, Inc., the referee decided that the defendant was not liable for one-third of the total loss of each but only for the other two-thirds.

The defendant complains that the referee acted arbitrarily and capriciously in thus assessing the damages and asserts that they were not proved with reasonable certainty in either case. It also claims (we believe correctly) that the evidence does not reveal the identity of the box cars in which the wood pulp of either plaintiff was actually stored, the extent of the damage to the contents of any car, whether the pulp of one plaintiff or the other or both was "in the first car, the third car, the sixth car or some other car," whether the fire started in a car housing the Sone pulp or the Gottesman pulp or both, or how long the fire had been in progress when it was discovered, or, after discovery, how much damage was done to the property of either plaintiff. We do know that six cars caught afire and that one car had apparently just been ignited, while the other five were in differing stages of burning.

Dealing with these separately owned and unrelated lots of

pulp, we have a situation where we have no knowledge of the time in the progress of the fire when the defendant became at fault, if it did. It is entirely possible that the acts of negligence upon the part of the defendant, if there were such, took place at different times with reference to the Gottesman and the Sone pulp. It might well be that the damage to some of the pulp of one of the plaintiffs was occasioned quite largely before the defendant became negligent at all, but as to which plaintiff it is impossible of determination on this record.

In *Groves Co., Inc.* v. *Bangor & Aroostook Railroad Company,* 124 Me., 373, see page 376, 129 A., 823, it is held that under a bill of lading stipulating against liability unless loss or damage is due to negligence, the carrier is not liable for the full value of the shipment, but the damages recoverable are limited to that part of the shipment, if any, which may be saved after discovery of the fire upon exercise of due care.

Also this from *Chicago, B. & Q. R. Co.* v. *Gelvin,* 238 Fed., 14, on page 22, L. R. A. 1917 C, 983:

"The record showing different conditions, ocurring subsequent to the fire, naturally affecting the gain in weight of these cattle, for which it is conceded the defendant could not be held responsible, without any proof of how much of the damage resulted from these conditions as distinguished from the damage resulting from the alleged injury, with nothing in the way of testimony of any witness pretending to even estimate the proportion of the damage resulting from either of the causes, is far short of that reasonable certainty required by law, and upon such a record a jury cannot arbitrarily apportion a part, or all, of the proven damages to the cause for which the defendant is responsible."

In *Priest* v. *Nichols,* 116 Mass., 401, it is held that when damages occasioned by different causes from each of which there is more or less damage to the property, if a portion of the

damage is from a cause for which the defendant is not liable, the burden of proof is on the plaintiff to show the damage from the cause for which the defendant is liable as distinguished from other causes, and that for only this part of the damage may recovery be had.

It is well settled law that damages are not recoverable when uncertain, contingent, or speculative. *Fogg* v. *Hall et al.,* 133 Me., 322, 325, 178 A., 56. To permit recovery they "must be susceptible of ascertainment with a reasonable degree of certainty, or, as the rule is some times stated, must be certain both in their nature and in respect of the cause from which they proceed." 15 *Am. Jur.,* Sec. 20, page 410. Also see 15 *Am. Jur.,* Sec. 22, page 413, and 25 *C. J. S.,* Sec. 26, b, page 491.

"To authorize a recovery of more than nominal damages, facts must exist and be shown by the evidence which afford a basis for measuring the plaintiff's loss with reasonable certainty." 15 *Am. Jur.,* Sec. 23, page 415.

Mere speculation, conjecture, or surmise will not suffice. Sufficient facts must appear so that they, or reasonable inferences from them, will establish proof of the damages by reasonable certainty.

We think the proven facts in these cases are insufficient to permit the establishment of damages with reasonable certainty. While absolute certainty is not required; sufficient facts must appear to afford a reasonable basis of computation in each case. *Bowley* v. *Smith,* 131 Me., 402, 406, 163 A., 539. Uncertainty exists here not only as to the extent of the damage sustained by each plaintiff but also as to the cause from which it resulted. True, stipulated is the total damage to each plaintiff, but a part of the total in each case, it is admitted, is not chargeable to the fault of the defendant. Here were two separately owned properties. Certainly neither plaintiff should be permitted to recover damages not suffered by it or him but by the other.

*Hincks Coal Co.* v. *Milan and Toole,* 135 Me., 203, 193 A., 243, 245, was a case where there was a joint liability in which

each defendant was chargeable for the whole loss and so is distinguishable from these cases. We adhere to the statement in the *Hincks* case, supra, that "absolute certainty is not required" and "It is enough if from the approximate estimates of witnesses a specific conclusion can be reached." But in the instant cases there were no such estimates and the evidence did not furnish a basis for reaching a specific conclusion in either case. It would seem that the referee adopted the fractions of one-third and two-thirds above referred to arbitrarily without basis therefor in factual proof. The exceptions to the acceptance of the reports must be sustained.

We should state, however, that the effect of sustaining the exceptions, these cases having been heard by a referee rather than a jury, will be to restore both cases to the docket below for new trials both on damages and liability, either before a jury or, if agreed to, before the presiding Justice or the same or another referee.

*Exceptions sustained.*