CHRISTINE M. LAWSON
*vs.*
JEREMIAH M. McLEOD, ADMR.
WILLIAM H. DUGAN ESTATE

Penobscot.    Opinion, June 6, 1956.

*Myer Epstein,*
*Harry Stern,* for plaintiff.

*Cornelius J. O'Leary,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

WEBBER, J. Plaintiff brings this action seeking to recover the fair value of services rendered by her to defendant's intestate during his lifetime. Verdict for defendant having been ordered at the close of plaintiff's case, we examine the evidence before us on exceptions in the light most favorable to plaintiff to discover if there be a jury question. A jury could find that there was no blood relationship between the plaintiff and the decedent; that on several occasions she left her occupation as a nurse and traveled from her home in Massachusetts to Bangor, there to remain for some time caring for the decedent and the home where he lived alone; that in 1953 the plaintiff and the decedent were visited by the plaintiff's sister and brother-in-law; that the decedent in general conversation spoke of sending for the plaintiff, and indicated that "she came when he needed her," that "she was a smart girl," that "he did not know what he would have done without her," and that "she would be well repaid." Mr. Dugan also discussed his home and certain securities and their value and stated that he had told the plaintiff "she should have them when he was through." The same witnesses also observed the plaintiff doing housework. During the conversation the plaintiff neither denied nor remonstrated and a jury might find that she thereby gave

tacit approval to these statements of the decedent bearing on their relationship.

The applicable rule was clearly enunciated in the very recent case of *Colvin* v. *Barrett, Admr.,* 151 Me. 344. Where reliance is upon an implied contract, it must be shown expressly or by reasonable inferences from facts and circumstances that the one rendering services expected compensation and the one receiving services so understood or ought reasonably to have done so, and in some manner justified the expectation. No useful purpose will be served by again reviewing all the authorities collected in the *Colvin* case, *supra.* We note especially *Bryant* v. *Fogg,* 125 Me. 420, in which facts not unlike those before us were declared to present a jury question. Suffice it to say that we are unable to distinguish either the *Colvin* case or the *Bryant* case and are thereby compelled to find error in taking the case from the jury.

Counsel for defendant contends that there was no evidence from which the jury could assess damages. This would not justify a defendant's verdict if plaintiff otherwise satisfied her proof, as she would be entitled at least to nominal damages. *Rollins* v. *Blackden,* 112 Me. 459. But the value of services rendered under implied contract is a matter well suited to jury determination. "Damages were not liquidated, nor were they capable of being reduced to certainty by arithmetical calculation, so the criterion was how much the plaintiff deserved for drilling the well. * * * The jury in arriving at its own opinion, from the facts and circumstances and inferences and the opinion given in testimony, might accept the latter opinion at face value, or discredit it, wholly or in part." *Dyer* v. *Barnes,* 128 Me. 131, 132. "It is an accepted rule of law that a party who claims compensation for a wrong suffered must establish the amount of his damages with reasonable certainty. But absolute certainty is not required. Damages are not un-

certain for the reason that the amount of the loss sustained is incapable of exact proof by mathematical demonstration. Juries are allowed to act upon probable and inferential as well as direct and positive proof. Any and all facts and circumstances having a tendency to show the probable amount of damages suffered are properly received and the triers of fact allowed to make the most intelligible and probable estimate which the nature of the case will permit." *Hincks Coal Co.* v. *Milan and Toole,* 135 Me. 203, 207. " 'Where there is some proof of damages sustained from a breach of contract but the amount is uncertain, the court has sometimes instructed the jury to allow the smallest sum which will satisfy the proof.' " *Peterson Co.* v. *Parrott,* 129 Me. 381, 385. It is true of course that "mere speculation, conjecture, or surmise will not suffice. Sufficient facts must appear so that they, or reasonable inferences from them, will establish proof of the damages by reasonable certainty." *Gottesman & Co.* v. *Terminal Co.,* 139 Me. 90, 94. The determination as to what value of services was established by the proof should in the first instance have been left to the jury under proper instructions. The entry will be,

*Exceptions sustained.*