James C. CAMBER

v.

John I. BRIDGES.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1987.

Decided Feb. 4, 1987.

Philip Foster (orally), Ellsworth, for plaintiff.

Peter R. Roy (orally), Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff, James C. Camber, appeals from a decision of the Superior Court (Hancock County) denying recovery on a promissory note executed by defendant, John I. Bridges. Plaintiff contends that the trial court erred by ruling that plaintiff had the burden of proving the extent of non-payment. We vacate the judgment.

 The disposition of this case is controlled by the following provisions in 11 M.R.S.A. § 3-307(2) (1964):

> When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

Payment is an affirmative defense to be raised by the defendant in his answer. M.R.Civ.P. 8(c). In this case, defendant failed to do so. After plaintiff produced the validly executed note and it was admitted into evidence, defendant had the burden of proving that payments had been made. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.7 at 199 (2d ed. 1970). No evidence of payment was offered. We conclude that plaintiff was entitled to recover after production of the note.

The entry is:

Judgment vacated.

Remanded for judgment in favor of plaintiff for amount of the promissory note plus interest minus payments totalling $1,641.94, as stipulated to by the parties during oral argument.

All concurring.