**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**BANDON ASSOCIATES, Defendant.**

**Storer Building Condominium Association, Inc., Party–in–Interest.**

**Civ. No. 91–0056–P–C.**

United States District Court, D. Maine.

Dec. 19, 1991.

Mary Ann E. Rousseau, Thomas A. Cox, Friedman & Babcock, Portland, Me., for plaintiff.

John S. Whitman, Richardson & Troubh, Portland, Me., for Bandon Associates.

S. Carter Friend, Verrill & Dana, Portland, Me., for Storer Bldg. Condominium.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

This case arises out of a foreclosure action of a mortgage by Plaintiff Federal Deposit Insurance Corporation (hereinafter "FDIC") against Defendant Bandon Associates (hereinafter "Defendant" or "Associates").[1] The case involves the claim of Plaintiff FDIC for payment of a promissory note (hereinafter "Note") and foreclosure of a mortgage and sale of property in accordance with Title 14 M.R.S.A. section 6321 *et seq.* The Court now has before it Plaintiff's Motion for Summary Judgment filed on December 3, 1991. Defendant has not responded to the Motion.[2]

### I. *Summary Judgment*

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

---

**1.** The original Plaintiff, New Bank of New England (hereinafter "NBNE"), was a National Banking Association bank established by the FDIC and was the assignee of the obligations which are the subject of Plaintiff's Complaint by virtue of the FDIC on January 6, 1991, having become Receiver for Bank of New England, and in its capacity as Receiver, having assigned the obligations and collateral, which are the subject of this case, to NBNE. On July 11, 1991, pursuant to section 11(n)(12) of the Federal Deposit Insurance Act, 12 U.S.C. § 1821(n)(12), the Board of Directors of the FDIC voted and determined to dissolve three bridge banks, including NBNE. The FDIC is now the Receiver of NBNE.

**2.** Storer Building Condominium Association, Inc. (hereinafter "Storer"), the Party–in–Interest, noted in a letter to Plaintiff's counsel, dated December 5, 1991, that it had no objection to the Motion for Summary Judgment.

[T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 [106 S.Ct. 2548, 2554, 91 L.Ed.2d 265] (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904 [96 S.Ct. 1495, 47 L.Ed.2d 754] (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson*, 477 U.S. at 248 [106 S.Ct. at 2510]; *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be entered.
> *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511.

*Brennan v. Hendrigan*, 888 F.2d 189, 191–92 (1st Cir.1989).

In general, under Local Rule 19(c), a party who fails to file a timely objection to a motion is deemed to have waived objection. It is well-established law in this district, however, that Federal Rule of Civil Procedure 56 requires the Court to examine the merits of a motion for summary judgement even though a nonmoving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick GmbH*, 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman*, 594 F.Supp. 1315, 1320 (D.Me.1984). Although a total waiver of objection to a motion for summary judgment is not imposed under Local Rule 19(c), a party who fails to object in a timely fashion is deemed to have consented to the moving party's statement of facts to the extent that statement is supported by appropriate record citations. *Lehman*, 594 F.Supp. at 1321.

In this case, the material facts set forth and supported by Plaintiff and deemed consented to by Defendant are as follows.

## II. *Facts*

On December 23, 1985, Defendant Bandon Associates executed and delivered to Patriot Bank, N.A. (hereinafter "Patriot") a promissory note (hereinafter "Note") in the original principal amount of $1,050,000. In order to secure the Note, Defendant, on December 13, 1985, executed and delivered to Patriot a Mortgage Deed (hereinafter "Mortgage") in favor of Patriot.[3] *See* Affidavit of David Brown (hereinafter "Brown's Affidavit"), Exhibit (hereinafter "Ex.") B. On April 6, 1987, Defendant and Patriot entered into an agreement (hereinafter "Agreement") whereby they agreed to revise the terms of the loan evidenced by the December 23, 1985 Note in certain respects. *See* Brown's Affidavit, Ex. C. Part of the Agreement involved a substitution of a new Note executed on April 6, 1987 in the face amount of $1,050,000 for the December 13, 1985 Note. *See* Brown's Affidavit, Ex. D.

On the same date, Defendant amended and reaffirmed the validity of the Decem-

---

**3.** Patriot merged with Bank of New England in 1987, and all the rights, obligations and collateral, which are the subject of this suit, were assigned to Bank of New England and, in turn, have been assigned to NBNE and, most currently, to the FDIC. Thus, the FDIC is the current holder of the Mortgage Deed. Plaintiff Federal Deposit Insurance Corporation's Statement of Material Facts as to Which There is no Genuine Issue to be Tried (hereinafter "Plaintiff's Material Facts"), ¶ 5.

ber 23, 1985 Mortgage by executing the Agreement and by executing an Amendment of Security Instruments. *See* Brown's Affidavit, Ex. E. The Agreement and the Amendment of Security Instruments reflected the parties' intention to make the Mortgage and other Security Instruments applicable to the substituted Note executed on April 6, 1987.

Defendant Bandon Associates defaulted under the terms of the Note and Mortgage Deed by failing to make certain payments of principal and interest as they became due. This default continued more than fifteen days after the due date of the payments. As of June 17, 1991, the amount due Plaintiff under the terms of the Note dated April 6, 1987 was as follows: Unpaid principal balance of $1,019,744.88; accrued interest of $89,822.11, with interest continuing to accrue at the *per diem* rate currently in effect of $304.51; and late payment fees of $2,025.22. Additional late charges are also accruing pursuant to the terms of the Note and the Mortgage.

On February 14, 1991, New Bank of New England commenced a civil action for foreclosure and sale of the Mortgage.[4] The only affirmative defense raised by Defendant was lack of jurisdiction. Plaintiff filed a Motion for Summary Judgment on December 3, 1991. For the reasons that follow, the Court grants Plaintiff's Motion for Summary Judgment.

### III. *Discussion*

#### A.

Pursuant to Maine law, allegations in a complaint are sufficient to state a cause of action against the maker of a promissory note where the complaint alleges that a maker executed a promissory note; such note is appended to the complaint; the note provides for acceleration of payment and payment in full upon default; no payment has yet been received; payment is due and owing; and the owed amount is stated. *Ripley v. Mercier*, 482 A.2d 850, 851 (Me.1984). The maker of the note bears the burden of proving that payment has been made once the validly executed promissory note is produced and admitted into evidence. *Camber v. Bridges*, 520 A.2d 711, 711 (Me.1987). Where the maker offers no evidence of payment, the party who has brought an action to recover on the promissory note against the maker is entitled to recover after production and admission of the validly executed note. *Id.*

Pursuant to Maine law, once signatures are admitted or established,[5] production of the note "entitles a holder to recover on it unless the defendant establishes a defense." 11 M.R.S.A. § 3–307(2). Payment is an affirmative defense to be raised by the defendant in its answer. *Camber*, 520 A.2d at 711 (citing M.R.Civ.P. 8(c)). If the defendant fails to raise payment as an affirmative defense and fails to offer evidence of payment, the plaintiff is then entitled to recover after production of the note. *Id.*

Here, Plaintiff meets all the aforementioned requirements under Maine law. Moreover, Defendant did not raise payment as an affirmative defense in its Answer. *See* Answer, at 3.[6] No genuine issue of material fact exists in the record as to whether Defendant is in default of its payments of the Note. Therefore, Plaintiff is entitled to recover on the Note, including the full principal due, accrued interest, and cost of collections.

#### B.

Pursuant to Maine law, the Court shall determine foreclosure of a Mortgage on the basis of (1) whether there has been a breach of condition of the mortgage; (2) the amount due thereon, including reasonable attorney's fees and court costs; and

---

4. An Amended Complaint was filed on March 13, 1991 to add Storer Building Condominium Association, Inc. as a party-in-interest.

5. Under Maine law, "[u]nless specifically denied in the pleadings, each signature of an instrument is admitted." 11 M.R.S.A. § 3–307(1). Here, no such denial exists in the pleadings.

6. The only defense asserted by Defendant is lack of jurisdiction, which must fail. Given that Plaintiff is the FDIC (as Receiver of NBNE), the Court has jurisdiction under 12 U.S.C. section 1819(a) and (b)(2).

(3) the order of priority and the amount due, if any, to other parties that may appear. 14 M.R.S.A. § 6322 (Supp.1990). The Court concludes that there is no genuine issue of material fact as to any of these elements under Maine law.

With respect to the breach of condition of the Mortgage, the Mortgage was given to secure the Note. No genuine issue of material fact exists as to whether Defendant is in default under the Note. Therefore, Defendant is in breach of conditions of the Mortgage.

With respect to the amount due under the Mortgage, Defendant has failed to make the required payments of the principal and accrued interest due under the Note. Accordingly, under the terms of the Mortgage, Defendant owes Plaintiff the amount of $1,019,744.88 in principal, plus accrued interest, late charges, and costs of enforcement and collection.

Lastly, with respect to the order of priority and the amount due to other parties, the parties have stipulated that Storer, Party-in-Interest, has second priority on the proceeds of sale, and is entitled to any proceeds from the public foreclosure sale that remain after Plaintiff has satisfied its claim.

Plaintiff has satisfied the aforementioned elements under Maine law and has established its affirmative case, which is uncontested by Defendant. No genuine issue of material fact exists as to any of these elements.

Accordingly, it is *ORDERED* that Plaintiff's Motion for Summary Judgment be, and it is hereby, *GRANTED.* Judgment shall enter for One Million Nineteen Thousand Seven Hundred Forty–Six Dollars and Eighty–Eight Cents ($1,019,746.88) in principal; plus One Hundred Forty–Six Thousand One Hundred Fifty–Six Dollars and Forty–Six Cents ($146,156.46) in accrued interest through the date of judgment;[7] plus Two Thousand Twenty–Five Dollars and Twenty–Two Cents ($2,025.22) in late

fees; plus Six Dollars ($6.00) for a discharge fee, for a total of One Million One Hundred Sixty–Seven Thousand Nine Hundred Thirty–Four Dollars and Fifty–Six Cents ($1,167,934.56), together with collection costs, including reasonable attorney's fees, and for foreclosure and sale of the realty subject to the mortgage.

It is hereby *FURTHER ORDERED* that Storer Building Condominium Association, Inc. has second priority on the proceeds of sale and is entitled to any proceeds from the public foreclosure sale that remain after Plaintiff has satisfied its claim.

It is hereby *FURTHER ORDERED* that Plaintiff file, on or before January 13, 1992, a proposed order for entry of judgment.

Counsel shall confer forthwith and attempt to agree upon collection costs, including reasonable attorney's fees. If they are unable to agree, the parties shall file written submissions on the issue of fees on or before January 13, 1992, and the Court will resolve the matter upon the written submissions.

---

7. As of June 17, 1991, interest had accrued to $89,822.11. *See* Brown's Affidavit, ¶ 16. Given that interest has continued to accrue at a *per diem* rate of $304.51, *see id.,* the Court has

calculated additional interest from June 18, 1991 through the date of judgment in the amount of $56,334.35, for a total in accrued interest of $146,156.46.