2004 ME 22

**Richard NIGHTINGALE**

v.

**James LEACH and Pamela Leach.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 12, 2003.
Decided: Feb. 26, 2004.

Wayne R. Crandall, Crandall, Hanscom & Collins, P.A., Rockland, for plaintiff.

Randal E. Watkinson, Strout & Payson, P.A., Rockland, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Richard Nightingale appeals from a judgment entered as a matter of law in the Superior Court (Knox County, *Gorman, J.*) in favor of James and Pamela Leach on Nightingale's five-count complaint alleging (1) negligence; (2) breach of express contract; (3) conversion; (4) breach of trust; and (5) breach of implied contract. Nightingale asserts that the court erred by entering a judgment as a matter of law on his claims for negligence, breach of implied contract, and breach of express contract. We agree and vacate the judgment.

## I. STANDARD OF REVIEW

[¶ 2] The standard of review we use when reviewing a judgment entered as a matter of law pursuant to M.R. Civ. P. 50(d) depends on whether the court found facts. When the trial court has entered the judgment solely on the sufficiency of the evidence, without determining the facts, the judgment is reviewed as though it were entered pursuant to M.R. Civ. P. 50(a). *See Bard v. Bath Iron Works Corp.*, 590 A.2d 152, 154 (Me.1991). In such a case, we "consider the evidence and every justifiable inference from the evidence in the light most favorable to the party against whom the [judgment was entered]." *Id.* When, however, the trial court has entered the judgment after making findings of fact, we accept them, "unless those findings are clearly erroneous." *Smith v. Welch*, 645 A.2d, 1130, 1132 (Me.

1994) (quoting *Wyman v. Osteopathic Hosp. of Me.,* 493 A.2d 330, 334 (Me.1985)). Thus, if no findings of fact have been made, the evidence is reviewed in a light most favorable to the nonmoving party. Whereas, if findings have been made we review for clear error.

## II. THE NEGLIGENCE COUNT

[¶ 3] In ruling on the Leaches' motion for a judgment, the trial court stated some findings of fact, while at the same time the trial court's comments suggested it was ruling on the sufficiency of the evidence. Thus, in its ruling the trial court stated:

> [B]ased upon the evidence that's been presented, even looking at it in a light most generous to Mr. Nightingale, there is no way that he is going to be able to prevail on any of the five counts of the complaint against Mr. and Mrs. Leach, and for that reason the motion is granted.

When ruling on the sufficiency of the evidence, the trial court considered the issue of comparative negligence stating that Nightingale was "likely to be able to show that the Leaches were negligent in turning over the business to Mr. Pedriera." Comparative negligence is an affirmative defense, for which the burden of proof lies with the defendants. *Minott v. F.W. Cunningham & Sons,* 413 A.2d 1325, 1331 (Me.1980). It is not, therefore, a part of the prima facie case for a negligence claim. *See Stanton v. Univ. of Me. Sys.,* 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049. It was error for the trial court to have entered a judgment as a matter of law on the negligence count of Nightingale's complaint.

## III. THE IMPLIED CONTRACT COUNT

[¶ 4] When considering the implied contract count, the trial court explained its rationale for granting the motion by stating that at the time the Leaches turned over the management of Nightingale's apartments to Pedriera, the parties "had no contractual relationship." This view of the evidence is clearly erroneous, as both parties testified that at that time, they each believed and intended that they were still operating under a contractual relationship based on the terms of the written document. We have recognized that the facts and circumstances surrounding the conduct between the parties can form a binding, implied-in-fact contract. *See, e.g., Terrio v. Millinocket Cmty. Hosp.,* 379 A.2d 135, 138 (Me.1977); *Lawson v. McLeod,* 152 Me. 67, 69, 123 A.2d 199, 200 (1956); *Bryant v. Fogg,* 125 Me. 420, 425, 134 A. 510, 512 (1926); *see also* Horton & McGehee, *Maine Civil Remedies* § 11–2 (1996). Whatever may be said for the difference between an express contract and an implied-in-fact contract, "[t]he distinction involves *no difference in legal effect.*" RESTATEMENT (SECOND) OF CONTRACTS § 4 cmt. a (1981), *cited in Taliento v. Portland W. Neighborhood Planning Council,* 1997 ME 194, ¶ 15, 705 A.2d 696, 700 (Lipez, J., dissenting) (emphasis added).

[¶ 5] Thus, viewed in the light most favorable to Nightingale, the evidence is sufficient to establish that the management contract with the Leaches was a personal service contract, that their duties were nondelegable,[1] and, therefore,

1. Moreover, even if the Leaches' duties under the contract were delegable, a delegation of duties under a service contract does not relieve the obligor of liability. RESTATEMENT (SECOND) OF CONTRACTS § 318(3) (1981). An obligor is discharged of its duty only through the parties' agreement of novation. *See Me. Candy & Prods. Co. v. Turgeon,* 124 Me. 411, 413–14, 130 A. 242, 243 (1925). The fact that a duty has been delegated or that the obligee

the Leaches remained liable on the agreement absent a novation. Even if the evidence establishes that Nightingale knew Pedriera was managing his apartments, and that he assented to the substituted performance, this does not create a novation. *See Me. Candy & Prods. Co. v. Turgeon,* 124 Me. 411, 413–14, 130 A. 242, 244 (1925); RESTATEMENT (SECOND) OF CONTRACTS § 329 cmt. b (1981).

## IV. THE EXPRESS CONTRACT COUNT

■ [¶ 6] Nightingale contends that the trial court erred in granting the motion on that aspect of his claim for breach of contract seeking damages for lost subsidies, which occurred during the Leaches' management of his apartments. He argues that, once Mrs. Leach acknowledged her liability, the burden of proof shifted to her to prove that the amounts were paid. The Leaches concede that payment is an affirmative defense, which they had the burden of proving. *See Camber v. Bridges,* 520 A.2d 711, 711 (Me.1987).

[¶ 7] The trial court explained that it granted the Leaches' motion on the claim for the lost subsidies because "it's not going to be possible for [it] to make a finding by a preponderance of the evidence that there had not been a pay back." Because payment of the debt is an affirmative defense, Nightingale had no burden of proving that the Leaches *had not* made the payment. Rather, the Leaches had the burden of proving that they *had* made the payment. The insufficiency of the evidence to establish that the payment had been made does not work against Nightingale and it was error for the trial court to grant the Leaches' motion for judgment as a matter of law on that basis.

has accepted performance from the delegate, is not sufficient to establish a novation. *See*

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.